SAMUEL C. DAVIS *et al.*, Appellants, *v.* AUSTIN W. PERRY *et al.*, Respondents.

1. *Attachment — Plea in abatement, appeal will not lie from judgment on.*— Under the present statute (Wagn. Stat. 190, § 42) — amendment of act of 1855 (R. C. 1855, p. 252, § 47) — an appeal will not lie from the judgment of court upon a plea in abatement. (Anderson v. Moberly, *ante*, p. 191.)

*Appeal from Fifth District Court.*

*Woodson, Vineyard & Young,* for appellants.

*H. M. & A. H. Vories,* for respondents.

This case is improperly in this court. The judgment appealed from is not a final judgment, the record showing that the only final judgment rendered in the cause was a judgment by the agreement of the parties, from which no appeal was ever taken.

CURRIER, Judge, delivered the opinion of the court.

This suit was commenced by summons. After the defendants appeared and filed their answer, the plaintiffs prayed out a writ of attachment in aid of the suit. One of the defendants thereupon filed a plea in the nature of a plea in abatement to the attachment, raising issues upon the attachment affidavit. These issues were tried by jury, and found for the defendants. Judgment was rendered upon the verdict for the defendants, abating the attachment and for costs. The issues arising upon the petition and answer were then continued by agreement to the next succeeding term for trial. At the succeeding November term judgment was rendered for the plaintiffs for the amount of their

29—VOL. XLVI.

claim by agreement of parties. This, as the record shows, and as the plaintiffs' counsel assert in their statement, was " a final judgment in the case." Upon its rendition the plaintiffs prayed for and obtained " an appeal from the judgment of the court on the plea in abatement herein."

The judgment on the plea in abatement, as we have seen, was rendered at the previous February term. The appeal was therefore taken, not from the final judgment, but from the prior judgment upon the plea in abatement.

The appeal was not authorized, and the appellants can derive no benefit from it. The statute (Wagn. Stat. 1051, § 1) authorizes appeals from final judgments alone. This appeal not being from such a judgment, can not be maintained. This subject was fully considered and passed upon in Anderson v. Moberly, *ante*, p. 191.

The attachment act of December, 1855 (R. C. 1855, p. 252, § 47), provided that when the issues arising upon a plea in abatement in an attachment suit were found for the defendant, the suit should thereupon be dismissed at the cost of the plaintiff. Under that statute, a judgment upon the plea in abatement for the defendant was final and terminated the suit. The present statute (Wagn. Stat. 190, § 42), however, provides that the suit, under the same circumstances, "shall proceed to final judgment on the cause of action therein alleged," the same as though no attachment had been connected with the case.

Judgment affirmed. The other judges concur.