G. H. WALSER, Appellant, *vs.* CLAY HALEY, Respondent.

61 445
38a 625

61 445
41a 48
41a 241

1. *Attachment—Plea in abatement, judgment in—Appeal.*—Under the present statute appeal is not allowed from the judgment on a plea in abatement. And the rule applies to a case where plaintiff takes his appeal therefrom after final judgment in his favor.

*Appeal from Barton County Circuit Court.*

*Walser & Cunningham,* for Appellant.

An appeal from the judgment of the circuit court upon the plea in abatement will lie in this cause, as no appeal was prayed for nor allowed till after the trial upon the merits. The cases cited by the respondent on this point are not applicable to the state of facts as presented by the record in this cause. There was in this case a final judgment. (Wagn. Stat., 1051, § 1; 1059, § 9.)

*Robinson & Brown,* for Respondent.

An appeal will not lie from a judgment on a plea in abatement. (Davis vs. Perry, 46 Mo., 449; Anderson vs. Moberly, 46 Mo., 191; Jones vs. Snodgrass, 54 Mo., 597.)

NAPTON, Judge, delivered the opinion of the court.

This suit originated before a justice of the peace, and an attachment was sued out, on the ground that the defendant was about to leave the State.

On the trial of the issue under the plea in abatement in the circuit court, some evidence was excluded by the court supposed to have been legal, to which exceptions were taken, and after verdict for defendant, a motion for a new trial was made and a motion in arrest, but the case proceeded as the statute directs, and the plaintiff obtained his judgment, and then appealed from the judgment for costs on verdict found in the plea of abatement.

The case of Davis vs. Perry (46 Mo., 449), decides that no appeal under the present statute is allowed from the judgment on the plea in abatement, as it is not a final one. It is not easy to see how redress is to be obtained for errors

committed on the trial of the plea in abatement, as it is not likely that the plaintiff would desire to reverse his own judgment subsequently obtained. But no other method is perceived of correcting errors in any branch of the case, than by appealing from the final judgment, which may in fact be of no value without the attachment.

The judgment must be affirmed. The other judges concur.