KNAPP, STOUT & Co. COMPANY, Appellant, *v.* EDWARD JOY ET AL., Respondents.

### May 4, 1880.

1. In attachment, an appeal cannot be taken until there has been a judgment on the merits; but, where the judgment is adverse to the plaintiff on the plea in abatement, and in his favor on the merits, his appeal is properly taken from the judgment on the plea in abatement.

2. Allegations of concealment and of fraudulent conveyances are not supported by evidence that the defendant in attachment was selling his property at fair rates for the purpose of paying his creditors.

3. It is not error to take the case from the jury where the facts and the legal inferences to be drawn therefrom will not support a verdict.

APPEAL from the St. Louis Circuit Court, BOYLE, J.

*Affirmed.*

G. M. STEWART and C. H. KRUM, for the appellant: A fraudulent conveyance of any part of the debtor's property will subject his effects to attachment. — *Taylor* v. *Meyers*, 34 Mo. 81. A demurrer to evidence admits everything which the testimony conduces to prove, though but in a slight degree; and in passing upon the demurrer, the court will make every inference of fact in favor of the party offering the evidence which the evidence warrants, and which the jury might, with any degree of propriety, have inferred. — *Wilson* v. *Board of Education*, 63 Mo. 137; *Brown* v. *Kimmel*, 67 Mo. 430. The appeal was properly taken, and brought up the whole case. *Flannagan* v. *Hutchinson*, 47 Mo. 237; *Rogers* v. *Goswell*, 51 Mo. 466; *Hurck* v. *Erskine*, 50 Mo. 116; *Morrison* v. *Hancock*, 40 Mo. 561.

McCOMAS & McKEIGHAN, for the respondents: The instruction was properly given by the court. There was no evidence to go to the jury from which the jury could have found either one of the grounds for an attachment sustained. — *Meyrose* v. *Laurie*, 1 Mo. App. 371; *Chouteau* v. *Sherman*, 11 Mo. 385; *Spencer* v. *Deagle*, 34

Mo. 455 ; *Ames* v. *Gilmore*, 39 Mo. 537. Their attempted appeal from the interlocutory order on the plea in abatement is nothing. No appeal lies from such a judgment.— *Jones* v. *Snodgrass*, 54 Mo. 597 ; *Walser* v. *Haley*, 61 Mo. 445.

Hayden, J., delivered the opinion of the court.

This is a suit brought by attachment, and founded on promissory notes and open accounts. There was a plea in abatement, and a trial before a jury as to the existence of the grounds of attachment. The court, after hearing the evidence, instructed the jury to find for the defendants, and there was judgment accordingly on the plea in abatement. The plaintiffs filed their motion for a new trial, and bill of exceptions, and at a subsequent term there was a trial upon the merits, and a verdict and judgment for the plaintiffs. Afterwards, and at the same term, the plaintiffs filed an affidavit for appeal, and bond, and on motion an appeal was allowed it from the judgment of the court below, on the plea in abatement.

The first question which arises, is on motion to dismiss the appeal, the respondents contending that the appellants cannot appeal from an interlocutory order, such as the decision on the plea in abatement, and that no appeal lies from the judgment on the merits, as it was the judgment asked for by the plaintiff. It is, however, clear that the plaintiff in an attachment-suit may be aggrieved, in the sense of the statute as to appeals, by such a judgment or decision in respect to the plea in abatement as destroys his lien on the property attached. It would be a strange anomaly if there was no way in which he could secure, in an appellate court, review. of action of the trial court by which he had been deprived of a right on which depended the value of his judgment on the merits. To this review both parties are equally entitled ; and, in fact, in many cases this issue will be the only contested issue, the

recovery of the money depending on the first, as well as on the other judgment. But, irrespective of this, the judgment in the attachment is a final judgment in the sense that it definitely settles the attachment issues. It does not, indeed, settle some other issue that is to be submitted to some other jury and tried by a distinct trial, such as the issue on the merits. This, in the nature of things, it cannot do, for no judgment settles or disposes of more than the issues involved in the cause of which the judgment is the outcome. But, though final in this sense, the process or proceeding itself is only auxiliary. It is given by statute to accomplish a subordinate purpose, and necessarily falls when the principal case is defeated. Thus, and for obvious reasons of practical convenience, an appeal does not lie until there is a decision upon the merits, which judgment is the final judgment in the statutory sense. *Davis* v. *Perry*, 46 Mo. 449 ; *Walser* v. *Haley*, 61 Mo. 445. Still, it is not of this latter judgment that the plaintiff complains ; nor does it urge, as error, any action which the court below took in the steps which led up to the final judgment. It was in the steps which led to the judgment on the plea in abatement that the error complained of existed ; and the motion was properly applied to that distinct judgment, thus giving the trial court opportunity to then correct the error, if there was any. The motion to dismiss is without foundation, and the appeal was properly taken.

Upon the trial of the plea in abatement, the defendants demurred to the evidence, and the court instructed the jury to find for the defendants. It is complained by the appellant that the case should have gone to the jury, as there was evidence tending to prove the issues. These were that the defendants had fraudulently conveyed or assigned their property or effects so as to hinder and delay their creditors ; that they were about to do the same ; that they had fraudulently concealed, removed, or disposed of their property or effects so as to hinder and delay their creditors ; and that they were

about to do the same. An examination of the evidence convinces us that the court below was correct in its rulings. Though, on demurrer to evidence, the court is to make inferences of fact, these are only such as are reasonable. The testimony is to be taken most strongly against the party demurring, but forced or violent conclusions are not to be drawn. *Nolan* v. *Shickle*, 3 Mo. App. 310. Without drawing such conclusions in the present case, the attachment cannot be maintained upon the evidence. The burden of proof was upon the plaintiff; to establish at least one of the grounds of attachment; but it failed to shift the burden, or to put the defendants on their defence. The debtors were in failing circumstances, and they undoubtedly preferred creditors. The burden of the plaintiff's complaint seems to be that it was not preferred, while other creditors were. No acts on the part of the defendants are shown which are fraudulent in law, or which, fairly considered, indicate an intent to defraud their creditors. The defendants were indeed disposing of their property and effects, but it was to pay their debts at fair rates. There was no evidence tending to show that their vendees were acting otherwise than in good faith. *Chouteau* v. *Sherman*, 11 Mo. 385. Indeed, there appears to have been no secrecy or concealment about the disposition the defendants were making of their stock in trade. In one case, lumber thus disposed of to a creditor remained for a few days in the yard of the defendants before the creditors removed it; but the attendant circumstances explain this, and the transaction justifies no inference unfavorable to the good faith of the defendants. So, the voluminous testimony as to the sale of boxes at prices less than other dealers sold them, is too vague and far-fetched to warrant the necessary inferences. The plaintiff failed to show that the defendants were sacrificing their stock or property, and thus obtaining money at the expense of creditors.

There were some circumstances of suspicion surrounding the deeds of trust given by the defendants, but a case is not

to go to the jury on suspicion. These circumstances were, on the plaintiff's own evidence, consistent with fair dealing upon the part of the defendants, and it would have been error for the court below to have shifted the burden of proof from the side to which it belonged.

The action of the court below was correct, and the judgment will be affirmed. Judge BAKEWELL concurs; Judge Lewis is absent.