G. RANSCHER, Respondent, *v.* A. McELHINNEY, Appellant.

### February 14, 1882.

1. Though a judgment upon a plea in abatement in an attachment suit is not a final judgment, in the sense that it may be appealed from, yet it may be reviewed on an appeal from the final judgment on the merits, where the bill of exceptions is not tendered until after the term at which the judgment on the plea in abatement was rendered.

2. A verdict in favor of the defendant on a plea in abatement releases the property attached, if no bill of exceptions is tendered at the term, though there has been no trial upon the issue of indebtedness.

APPEAL from the St. Louis County Circuit Court, EDWARDS, J.

*Reversed and judgment.*

A. McELHINNEY and JOHN W. McELHINNEY, for the appellant.

M. F. TAYLOR, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This is an action on a forthcoming bond given in an attachment suit.   Judgment was rendered against the defendant McElhinney alone, who was a surety on the bond.   It is not averred in the petition that the plaintiff recovered a

judgment in the attachment suit. The breach of the bond assigned is, that the defendant McElhinney, having received the property from the defendant in the attachment, failed and refused to turn it over to the plaintiff. There is no evidence that the court ever made any order touching the disposition of the attached property; nor is there any evidence to sustain the award of damages which was made by the jury.

We should be compelled, for these reasons, to reverse the judgment and remand the cause; but there is one ground disclosed by the record on which it becomes our duty to end the litigation by entering judgment in this court for the defendant. It appears that the property was turned over to this defendant by the defendant in the attachment suit, at the time this defendant signed the forthcoming bond; that afterwards, upon the trial of the issue made by a plea in abatement, the defendant in the attachment had a verdict and a judgment thereon, that the attachment abate; that a motion for a new trial of this issue was filed and overruled; that the term adjourned without any bill of exceptions being taken to any ruling made by the court on the trial of this issue, or to the order overruling the motion for a new trial; that about a month after the term had so adjourned, this defendant, acting upon legal advice and in good faith, disposed of the attached property in his hands as directed by the defendants in the attachment suit. At the next term, the court set aside its judgment upon the plea in abatement and granted a new trial of the issue thereunder, because of the absence of the plaintiff's attorney at the time of the former trial.

We hold that the court had no power to do this; that while the judgment upon the plea in abatement in an attachment suit is not a final judgment in the sense that it may be appealed from, yet, as pointed out by HAYDEN, J., in *Knapp* v. *Joy* (9 Mo. App. 49), it is a final judgment in the sense that it definitely settles the attachment issues; and

though it may be reviewed in an appellate court after final judgment upon the merits, on an appeal from such judgment, as was held in the case just cited, yet this can only be done where, as in that case, a bill of exceptions is taken at the proper time, to the rulings on the trial of the plea in abatement which may be the subject of complaint. Where no such bill of exceptions is taken until after the lapse of the term, as there can be no review of the matters arising on the trial of the plea in abatement, the judgment upon that issue. becomes final. Under such circumstances it would be against reason to hold that the debtor's property should remain tied up by an attachment which had been condemned by a verdict and judgment, until the final disposition of the cause on the merits, which might be delayed for a long time. At the time when this defendant disposed of the attached property, the case stood exactly as though no attachment had ever been sued out. The mere pendency of the suit did not operate as a restraint upon any honest disposition of his goods and chattels, which he, or any one holding them for him, might choose to make.

This being so, the defendant cannot be held to a liability under any state of the pleadings or the evidence.

The judgment is therefore reversed, and judgment will be entered in this court for the defendant. Judge BAKEWELL concurs ; Judge LEWIS is absent.