John Jordan, Appellant, v. Jacob Wickham, Respondent.

St. Louis Court of Appeals, April.6, 1886.

Appeals—Plea in Abatement—Attachment—Waiver.—Under the provisions of the statute giving an appeal from a judgment on a plea in abatement, in attachment, a plaintiff who voluntarily goes to trial on the merits, without demanding an appeal from the judgment against him on the plea in abatement, waives his right of appeal therefrom.

Appeal from· the Clarke County Circuit Court, Ben E. ·Turner, Judge.

*Appeal dismissed.*

Wood & Montgomery, for the appellant : The appeal is properly taken from the judgment on the plea in abatement. *Knapp, Stout & Co. v. Joy,* 9 Mo. App. 47 ; *Davis v. Perry,* 46 Mo. 449 ; *Walser v. Haley,* 61 Mo. 445.

Givens & Meryhew, for the respondent : No appeal lies in this case. Rev. Stat., sect. 439 ; *Walser v, Haley,* 61 Mo. 445.

Thompson, J., delivered the opinion of the court.

In this case there was a trial before a jury of the issue made by a plea in abatement to an attachment, which resulted in a verdict for the defendant,.and a judgment that the attachment abate. Immediately after this verdict, and on the same day, the court, without a jury, on motion of the plaintiff, and without any objection from the defendant, proceeded to try the cause of action, which was a suit on a note, and rendered a verdict and judgment thereon for the plaintiff. The plaintiff appeals to this court, and his ground of appeal is error in rendering the judgment against him on a plea in abatement.

We are of opinion that an appeal does not lie, after judgment on the merits, where the judgment on the plea in abatement is against the plaintiff. The statute (sect. 439, Rev. Stat.) referring to a case where the judgment on a plea in abatement is against the plaintiff, recites : "The defendant shall not be required to plead to the merits of the action until after the time fixed by law for appeals shall have expired, if the plaintiff calls for an appeal, or, if an appeal is taken, until after its determination. In this case the action was commenced before a justice of the peace, and, therefore, a formal plea to the merits was not required. It seems clear that where a plaintiff demands a trial on the merits, after being defeated in the trial on the plea in abatement, and does not "call for any appeal," he waives his right of appeal from the judgment on the plea in abatement.

The decisions of the supreme court in *Davis v. Perry* (46 Mo. 449), and *Walser v. Haley* (61 Mo. 445), holding that the plaintiff can not appeal from a judgment against him on a plea in abatement to an attachment after final judgment in his favor on the merits, and the decision of this court in *Knapp v. Joy* (9 Mo. App. 47), holding that an appeal does lie under such circumstances, contain nothing to guide our present inquiry, because the statute giving the right of appeal was introduced as an amendment in the revision of 1879, and did not apply to those cases. We have to decide the question on a consideration of the language of the statute, and the statute seems to contemplate that the issues arising under the plea in abatement must be finally settled before judgment on the merits. This being so, the plaintiff, by moving for a trial on the merits after the judgment against him on the plea in abatement, waived his right of appeal from such judgment, and accordingly the appeal must be dismissed.

It is so ordered. All the judges concur.