JOSEPH L. DUNCAN, Defendant in Error, v. HENRY A. FORGEY, Plaintiff in Error.

St. Louis Court of Appeals, April 5, 1887.

1. APPEALS—ATTACHMENT—ABATEMENT.—In attachment, the defendant can not appeal until final judgment on the merits, but on such appeal he may have the action of the trial court, on the plea in abatement, reviewed, if exceptions thereto have been properly saved.

2. ——— WRIT OF ERROR.—Section 439, of the Revised Statutes, has provided for an appeal only, and the defendant can not have the action of the trial court, on the plea in abatement, reviewed upon a writ of error sued out after his right of appeal has been barred by the lapse of time.

ERROR to the Pike County Circuit Court, ELIJAH ROBINSON, Judge.

*Affirmed.*

MARTIN & SMITH, with whom are DYER, LEE & ELLIS, for the plaintiff in error.

R. H. NORTON and S. HERMANN, for the defendant in error.

THOMPSON, J., delivered the opinion of the court.

This suit was commenced in the circuit court by attachment. The defendant took a change of venue to Pike county. At the September term, 1883, of the circuit court of Pike county, the defendant filed a plea in abatement. The issue thus made was tried before a jury at the same term, a verdict was rendered in favor of the plaintiff, and a judgment was entered thereupon, sustaining the attachment. Without appealing from the judgment on the plea in abatement, the defendant, on February 12, 1884, filed an answer upon the merits. At the March term, 1884, the plaintiff filed a reply thereto, and at the same term a trial before a jury was had upon the merits of the issue thus formed, which resulted also in a verdict and judgment for the plaintiff. No bill of exceptions was taken, so far as this record discloses, to any matters arising upon the trial of the merits; but there is, in this record, what purports to be the bill of exceptions, relating wholly to the trial of the plea in abatement. The record is brought here by a writ of error sued out in this court on the thirteenth day of February, 1886.

I.   The first question which arises upon the record is, whether the defendant is entitled to prosecute this writ of error. The plaintiff contends that, by filing an answer and going to trial on the merits, the defendant waived any errors which may have been committed upon the trial of the issue raised by the plea in abatement. Such is not the law. The practice is governed by section 439, Revised Statutes, which contains the following provisions: "Upon such issue the plaintiff shall be held to prove the existence of the facts alleged by him as the ground of the attachment, and if the issue be found for him, and the court denies the defendant a new trial of said issue, judgment shall be rendered against the defendant, sustaining said attachment, and for the cost of the attachment proceedings ; and the defendant may file his bill of exceptions as upon any

other matter in the proceedings, and answering to the merits shall not be a waiver of such exceptions ; and the cause shall proceed ;   *   *   *   and if the party, against whom judgment shall be rendered, fails to appeal during the time fixed by law for appeals in other cases, he shall be deemed to have waived all right to have such judgment reviewed."

Under this statute we have held in *Fagley v. Vail* (11 Mo. App. 601), that the right of appeal, thus given, from a verdict under the plea in abatement, can not be exercised where the judgment is in favor of the plaintiff, until there has been a judgment on the merits.   The cases cited by the counsel for the plaintiff do not touch the question.  The case of *Jordan v. Wickham* (21 Mo. App. 536), holds that, where the judgment on the plea in abatement is against the plaintiff, and he, without demanding his appeal, voluntarily goes to trial on the merits, he thereby waives his right of appeal.   But the statute makes a clear distinction between the right of appeal given to the plaintiff, and that given to the defendant.

But it does not follow from this that, where the issue raised by the plea in abatement is determined in favor of the plaintiff, and the defendant takes his bill of exceptions to rulings made on the trial of that issue, and the cause proceeds to trial on the merits, and judgment on the merits is rendered in favor of the plaintiff, the defendant can, at any time within the statutory limitation of three years after the rendition of such judgment on the merits, prosecute a writ of error, not to reverse the final judgment on the merits, but merely to reverse the interlocutory judgment on the plea in abatement.   So to hold would be to ignore entirely the concluding language of section 439, Revised Statutes, that "if the party against whom such judgment (*i. e.*, on the plea in abatement) shall be rendered, fails to appeal during the time fixed by law for appeals in other cases, he shall be deemed to have waived all right to have such judgment reviewed."   The word "party," as here used, means

either the plaintiff or the defendant, accordingly as the judgment on the plea in abatement has been rendered against either. The meaning of the statute, as applied to cases like the one before us, is, that if the defendant is unsuccessful on the plea in abatement, he may take his bill of exceptions ; and if he is thereafter unsuccessful on the merits, he may appeal within the time allowed by law for appealing after the rendition of the judgment on the merits, and upon such appeal he may have his exceptions to the rulings upon the trial of the plea in abatement examined. In other words, the judgment on the plea in abatement is an interlocutory judgment. It is not a "final judgment or decision," within the meaning of the general statute granting appeals and writs of error. Rev. Stat., sects. 3710, 3743. The right of review exists only by virtue of the special provisions of section 439, Revised Statutes. This right is to be exercised by appeal only. The general statute granting a writ of error has no application to such a case.

We are, therefore, remitted to an inspection of the record proper to see if there is any error affecting the final judgment on the merits. No such error is assigned, and none appears. The judgment is accordingly affirmed. Rombauer, J., concurs ; Lewis, P. J., absent.