Bagley v. Kelly.

38 623
74 296

A. L. BAGLEY *et al.*, Appellants, v. R. J. KELLY, Respondent.

### Kansas City Court of Appeals, January 6, 1890.

1. **Attachment:** JUSTICES' COURT: APPEAL FROM JUDGMENT ON PLEA IN ABATEMENT: STATUTE CONSTRUED. Under section 439, Revised Statutes, 1879, as applied to justices' courts by section 481, if the plaintiff seeks an appeal from an adverse judgment on the plea in abatement, he will be allowed an appeal before final judgment on the merits of the action, and the main suit will stand in abeyance until a settlement of the issues on the plea in abatement in the appellate court. Whereas, if defendant desires the appellate court's review of the judgment on the plea in abatement, he must await final judgment on the merits before allowed an appeal; and, where, eight days after such final judgment, defendant files his bond and affidavit for an appeal, complaining only of the judgment sustaining the attachment, his appeal is in due time and well taken.

2. ———: ———: INSUFFICIENT BOND: DISMISSAL OF APPEAL. If an appeal bond is insufficient, the court should, on proper motion, order a sufficient one, and not dismiss the appeal.

*Appeal from the Bates Circuit Court.*—HON. D. A. DEARMOND, Judge.

AFFIRMED.

*John T. Smith* and *Holcomb & Smith,* for the appellants.

(1) There was no judgment on the plea in abatement in justice of the peace court and consequently

nothing from which to appeal. *Young, Adm'r, v. Stonebraker*, 33 Mo. 117; *Adams, Adm'r, v. Trigg*, 35 Mo. 190; *Hubbard v. Quisenberry*, 28 Mo. App. 20. (2) Conceding that the action of the justice of the peace, on the issues raised by the plea in abatement, amounts to a judgment sustaining the attachment, still it is not a judgment from which an appeal will lie. *Jones v. Evans*, 80 Mo. 565; *Jones v. Snodgrass*, 54 Mo. 597; *Walser v. Haley*, 61 Mo. 445; *Davis v. Perry*, 46 Mo. 449. (3) The only way by which respondent could have the issues raised by his plea in abatement tried in the circuit court was to appeal from the judgment on the merits, which would bring up the whole case. *Hubbard v. Quisenberry, supra; Anderson v. Moberly*, 46 Mo. 191; *Jones v. Evans, supra.*

*J. H. Norton*, for the respondent.

(1) The decision (or ruling) of the justice of the peace sustaining plaintiff's motion to strike out defendant's plea in abatement, and sustaining his attachment, was a final judgment in the sense that it definitely settled the attachment issue, and may be appealed from. *Hicks v. Martin*, 25 Mo. App. 359; *Knapp, Stout & Co. v. Jay*, 9 Mo. App. 47; R. S., sec. 439. (2) In an attachment suit there are two distinct issues, and, necessarily, two judgments; and, if the issue on the plea in abatement is found against defendant, his only remedy is by an appeal from said judgment (or adverse ruling) after final judgment on the merits, and he would not be required to take his bill of exceptions before a justice of the peace as he would in the circuit court. *Hicks v. Martin, supra; Hubbard v. Quisenberry*, 28 Mo. App. 20; *Metzenberger v. Keil*, 31 Mo. App. 130; R. S., sec. 439. (3) The word party as used in section 439, Revised Statutes, 1879, means either the plaintiff or the defendant, accordingly as the judgment on the plea in abatement has been rendered

Bagley v. Kelly.

against either; the only difference is in the time of taking the appeal. The defendant must take his after final judgment on the merits. *Duncan v. Forgey*, 25 Mo. App. 310; *Knapp, Stout & Co. v. Jay*, *supra; Fagley v. Vail*, 11 Mo. App. 601.

GILL, J.—This is a suit by attachment brought by plaintiffs before a justice of the peace in Bates county. At the trial before the justice the defendant filed his plea in abatement, which, on motion of plaintiffs was stricken out by the justice, for the alleged reason that defendant had waived the same by appearing to the action and taking depositions in the cause, etc. The justice thereupon made an entry in his docket sustaining the attachment, and proceeded with the action on its merits, rendering judgment in favor of the plaintiff for the amount of the note sued on. Eight days thereafter defendant filed his affidavit and bond and the cause was appealed to the circuit court.

In the circuit court plaintiffs moved the court to dismiss the appeal for the alleged reason that the same was taken solely from the determination of the plea in abatement in the justice's court, when no such appeal is allowable under the laws of this state. The circuit court overruled this motion, and the court's action thereon is now complained of here.

I.  As the law existed prior to the revision of 1879, no appeal was provided from a judgment on a plea in abatement in attachment cases. *Davis v. Perry*, 46 Mo. 449; *Walser v. Haley*, 61 Mo. 445. But by section 439, Revised Statutes, 1879, the old section 42 of the attachment law was amended, providing a right of appeal for both plaintiff and defendant in such cases. For reasons not entirely clear, the rule, there provided for appeal from the judgment on the plea in abatement, is not the same in case where defendant is aggrieved as where plaintiff is the complaining party. If the

plaintiff seeks an appeal from an adverse judgment on the plea in abatement he will be allowed an appeal before final judgment on the merits of the action, and the main suit will stand in abeyance until a settlement of the issues on plea in abatement in the appellate court. Whereas, if *defendant* desires the appellate court's review of the judgment against him on the plea in abatement, he must await final judgment on the merits of the cause before allowed an appeal. The reason therefor, I take it, is that it may become unnecessary, where defendant seeks an appeal, to prosecute the same; since, if on a trial of the merits of the cause, the defendant should succeed in defeating plaintiff's action altogether, this would, of itself, defeat the attachment and render an appeal useless. At any rate, such is the law as declared by the statute and as construed by the courts. 31 Mo. App. 130; 25 Mo. App. 310; R. S. 1879, sec. 439.

Now it would seem clear that defendant's appeal from the judgment of the justice was seasonably taken. He was defeated on the plea in abatement—awaited final judgment on the merits, which was against him, and in due time appealed from the judgment of the justice to the circuit court—complaining it would seem only of the judgment sustaining the attachment. Section 439, Revised Statutes, applies, so far as applicable, to proceedings before justices of the peace. R. S. 1879, sec. 481; *Hubbard v. Quisenberry*, 28 Mo. App. 26.

If the defendant's appeal bond was insufficient, as seems to be intimated, and not such as should have been given, then on proper motion the court should have required a bond that was sufficient. But this was not asked by the plaintiffs, and even in that case it would be the duty of the court to permit a sufficient recognizance to be filed, and not to dismiss the appeal. R. S. 1879, sec. 3053. Judgment of the circuit court affirmed. All concur.