Sutton v. Stevens.

JOSIAH SUTTON *et al.*, Respondents, v. H. C. STEVENS, Defendant, AND ALFRED KELLEY *et al.*, Appellants.

St. Louis Court of Appeals, April 29, 1890.

1.  Attachment: DETERMINATION OF PRIORITY: JURISDICTION. If two attachment suits be instituted in different courts against the same defendant, and both be levied upon the same property, the court having jurisdiction of the cause in which the writ was first issued cannot determine the order of the priority of the attachments under section 447, Revised Statutes, 1879, unless the other attachment proceeding be transferred to it.

2. ———— : ———— : ————. If the second attachment suit is transferred to the court having jurisdiction of the first, but subsequently the first suit is transferred, by change of venue, to another court, the latter transfer does not affect the jurisdiction over the other, or second, suit, and, if no further transfer of the second suit be made, the priority of the attachments cannot be adjudicated under said section on motion made after such transfer of the first.

3. ———— : APPEALS. If the order of the priority of the conflicting attachments be adjudicated under said section, an attaching creditor is not entitled to an appeal from such adjudication, if no final judgment has been rendered in his attachment suit.

*Appeal from the Wayne Circuit Court.*—HON. JOHN L. THOMAS, Judge.

APPEAL DISMISSED.

*Frank Hicks*, for appellants.

(1) Unless aided by statute, neither the first nor second petition states a cause of action, and no attachment will lie. *Hearne v. Keith*, 63 Mo. 84; *Burckhardt v. Helfrich*, 77 Mo. 382; *Bauer v. Gray*, 18 Mo. App. 170. (2) The first attachment bond was void, because approved by the clerk, who, himself, was a surety thereon, and who was, as well, one of the sureties on the collector's bond, for whom the suit was brought. *Owens v. John*, 59 Mo. 89. (3) The attachment, affidavit and bond of respondents being thus defective, the lien of appellants' writ became superior to that of respondent, and cannot be affected by the filing, subsequent to appellants' levy, of a new affidavit and bond. So far as appellants are concerned, the filing of a new affidavit, bond and petition by respondents amounted to an abandonment of their priority in point of time. Waples on Attach., pp. 105, 106; Wade on Attach., sec. 72, p. 150; *Jacobs v. Hogan*, 85 N. Y. 244; *Peck v. Hill*, 3 Conn. 431; *Fairfield v. Baldwin*, 12 Pick. 388; *Putnam v. Hall*, 3 Pick. 445; *Witte v. Meyer*, 11 Wis. 300; *Whitney v. Brunette*, 15 Wis. 69. The sufficiency of the

affidavit, bond, etc., and other proceedings may properly be attacked by appellants. *Metzner v. Graham*, 57 Mo. 406; *Gilbert v. Gilbert*, 33 Mo. App. 259; Drake on Attach., secs. 84, 85, 124; 1 Wade on Attach., sec. 2.

*Dinning & Byrns*, for respondents.

Section 6741 of the Revised Statutes of 1879, now section 7595, Revised Statutes, 1889, is constitutional. This section furnishes the sureties on a collector's bond a right of action by attachment, upon the happening of the contingencies therein named. The original petition and affidavit were not void, hence the amended petition and affidavit relate back and protect the levy made under the writ herein. R. S. 1889, sec. 568; *Musgrove v. Mott*, 90 Mo. 107; *Henderson v. Drace*, 30 Mo. 362; *Claflin v. Homer*, 20 Mo. App. 314; *Burnett v. McCluey*, 92 Mo. 230. Judicial proceedings which are amendable are not void. The amended petition and affidavit are unquestionably good under section 7595, Revised Statutes, 1889, and under the general attachment law. The clerk's approval of the original bond was not a void act. *Huff v. Shepherd*, 58 Mo. 242; R. S. 1889, sec. 3244; *Webster v. Smith*, 78 Mo. 163. The attorney for the plaintiff had a right to swear plaintiff to the affidavit. *Smith v. Ponath*, 17 Mo. App. 262, and cases cited. When Kelley *et al.* prosecuted their cause against Stevens to a judgment, establishing their attachment, they waived their right to have their cause transferred to Reynolds county under section 570, Revised Statutes, 1889, and the circuit court of Wayne county did right in overruling the motion of the appellants to postpone the attachment of the plaintiffs, because the appellants had no legal right to file said motion.

ROMBAUER, P. J.—This is a contest for priority of lien, between attaching creditors. The plaintiffs filed their petition in the circuit court of Reynolds county,

in which they stated, in substance, that they are securities on the defendant's official bond, as the collector of revenue for said county, and that defendant has misused and embezzled public moneys coming to his hands, as such collector, and owes the state six thousand dollars, for which amount the plaintiffs, as his securities, are responsible to the state. This petition was verified by the affidavit of one of the plaintiffs, stating that they had a just demand against the defendant, as securities on his official bond, which was now due, and that affiant had good reason to believe, and did believe, that the defendant was making improper use of the funds belonging to the state of Missouri, collected by him, as collector of the revenue of Reynolds county. The affidavit was sworn to before one of the plaintiff's attorneys, who was a notary.

The plaintiffs thereupon gave bond in the form usual in attachment cases, the clerk of the circuit court of Reynolds county, who approved the bond, being one of their sureties on said bond. Upon these papers a writ of attachment was issued on March 21, 1889, and levied on the same day on certain personalty of the defendant, which the sheriff subsequently sold under this writ, and the writ issued in favor of appellants, hereinafter mentioned, realizing the sum of three thousand and eight dollars upon such sale. The appellants, who were then residents of the city of St. Louis, brought an attachment suit in due form against the defendant in the circuit court of the city of St. Louis, on April 1, 1889, and caused the defendant to be served with summons in the city of St. Louis, where he was found, although he was at the time a resident of Reynolds county, and had no attachable property in St. Louis. They then caused a writ of attachment to be issued in said suit to the sheriff of Reynolds county, who levied it on the same property which had been attached by him on plaintiffs' writ.

No property was ever attached in the city of St. Louis. At the return term of the writ of summons, issued in behalf of the appellants, they appeared in the circuit court of the city of St. Louis, and obtained a judgment by default sustaining their attachment. They then moved the circuit court of the city of St. Louis to transfer the cause to the circuit court of Reynolds county, under the provisions of section 447, Revised Statutes of 1879, in reference to proceedings where the same property has been attached by writs from different courts. This motion was sustained and the cause transferred to Reynolds county. They subsequently obtained an order from the circuit court of Reynolds county to be permitted to file their transcript from the city of St. Louis in that court.

In the meantime, the defendant in the attachment filed his motion to quash the writ of attachment issued in the first suit on the ground that it had been improvidently issued. The circuit court of Reynolds county overruled this motion and gave the plaintiffs in the original suit leave to file an amended petition, affidavit and bond. The appellants objected to the filing of these amended papers, and, their objection being overruled, saved their exceptions. The defendant in the attachment thereupon prayed for a change of venue in the suit of these plaintiffs, which the court sustained, changing the venue to Wayne county, but no order transferring the action of the appellants against the defendant was ever made, and that action, as far as the record shows, is still in Reynolds county. All the parties appeared in Wayne county. The appellants filed a motion to postpone the plaintiffs' attachment to theirs, which the court overruled and they saved their exception. The plaintiffs and the defendant in the attachment went to trial in their cause, and the plaintiffs' attachment was sustained. The appellants thereupon renewed their motion to postpone the plaintiffs'

attachment to theirs, and, such motion being again over-
ruled, they filed their bill of exceptions in the Wayne
county circuit court, by which the facts hereinabove
stated appear, and appealed to this court. No final
judgment against the defendant was ever rendered in
any court, either in the suit of the plaintiffs or in that
of the appellants.

We have thus recited the facts shown by this
extraordinary record in full, because we are at a loss
to understand on what theory this appeal ·has been
brought to this court. It comes from Wayne county
without any showing that the appellants were ever
properly before that court. Section 447, *supra*, pro-
vides that controversies of this character "shall be
determined by that court out of which the first writ of
attachment was issued; in order whereto, the cases
originating in the other court shall be transferred to it,
and shall thenceforth be there heard, tried and deter-
mined *in all their parts*, as if they had been instituted
therein." That section does not contemplate that part
of a case shall be determined in one court and part in
another. Notwithstanding the transfer, the two cases,
that of plaintiffs and that of appellants, were independ-
ent records, and were in no sense consolidated. The
mere transfer of plaintiffs' action from Reynolds to
Wayne county did not have the effect of transferring
appellants' action likewise, and unless appellants' action
was in the Wayne county court, they had no standing
whatever in that court, and all the proceedings of that
court, as far as they are concerned, are *coram non judice*.

There is another proposition which is equally fatal
to the appeal. The record fails to show that the appel-
lants ever obtained any final judgment in their cause.
Appeals in this state lie from final judgments only.
Before the change made in the attachment law by sec-
tion 439, Revised Statutes, 1879, which provides for
appeals from judgments on plea in abatements, it had

been repeatedly decided that no appeal could be prose-
cuted from such a judgment. *Davis v. Perry*, 46 Mo.
449 ; *Jones v. Snodgrass*, 54 Mo. 597 ; *Walser v. Haley*,
61 Mo. 445. In this case the defendant in the attach-
ment appeared personally, so that the provisions of
section 453 of the Revised Statutes of 1879 do not apply,
even if the appeal could by any possibility be construed
as one taken by the appellants from the judgment against
the defendant in the suit of the plaintiffs. As we held
in *State ex rel. v. Finn*, 23 Mo. App. 293 (such holding
being approved by the supreme court in *State ex rel. v.
Finn*, 98 Mo. 541 ), "the interest of parties to an attach-
ment suit is contingent upon the termination of the
controversy." How could the appellants claim that
they were aggrieved by the action of the court in refus-
ing to postpone the plaintiff's attachment to theirs
without showing by final judgment against the defend-
ant that they had a valid claim against him? In *Gilbert
v. Gilbert*, 33 Mo. App. 259, both parties had prosecuted
their claim to final judgment, before the appellants
sought to test their right of priority by appeal.

It results from the foregoing considerations that the
only disposition that can be made now of this proceed-
ing is to dismiss the appeal.

Appeal dismissed. All the judges concur.