SILAS B. CAMP, Appellant, v. SCHUSTER, HINGSTON & Co., Respondents.

Kansas City Court of Appeals, December 5, 1892.

1. Attachment: DISSOLUTION: POSSESSION OF GOODS. Ordinarily the dissolution of an attachment caused by the dismissal of the suit gives the defendant therein the right to the attached property.

2. ——: REPLEVIN: STIPULATION: SHERIFF AS TRUSTEE: JUDGMENT. C. and H. respectively brought attachment suits against S., and the sheriff levied the writs on goods in possession of the carrier, which the defendants had sold and shipped to S., and defendants replevied the goods from the sheriff. The attorney for the plaintiffs in the replevin suit and the defendant in the attachment entered into a stipulation, set out in the opinion, with the attorney for the defendant in the replevin case, and the plaintiffs in the attachment proceedings, and on this stipulation the replevin suit was tried. The court found for the sheriff, and according to the express terms of the stipulation assessed the damages at $250, the amount of the attachment debts. The attachment suits were then dismissed, the order of dismissal referring to the stipulation and judgment in the replevin action. Held:—

   (1) It was the intention of all the parties to all the suits that their several rights and interests should be adjudicated in the replevin suit.

   (2) That the sheriff became a trustee for the attaching creditors.

   (3) That defendants cannot be heard to say that they are not bound by the replevin judgment, because of the dismissal of the attachment suits, though they have the goods in their possession.

Appeal from the Buchanan Circuit Court.—HON. HENRY M. RAMEY, Judge.

REVERSED AND REMANDED (with directions).

Reed, James & Randolph, for appellant.

This judgment confirmed by the supreme court of a sister state, and justly owing by respondents, they

should pay to appellant. They are estopped from denying the validity of the judgment or of its assignment.

*Hall & Pike,* for respondents.

The sheriff, in whose favor the judgment was rendered in the replevin suit, had no interest therein at the time of the assignment which he could assign to plaintiff. The day after the rendition of the judgment, and long before the making of said assignment, the plaintiffs in the attachment suits dismissed said suits. The dismissal of said suits released the attachment liens, and deprived the sheriff of all right to or interest in the judgment, except it be the right to assign the judgment to the defendant in the attachment suits, who, upon the dismissal of said suits, became entitled thereto. This must be true for the following reasons: The dissolution of an attachment caused by the dismissal of the suit gives to the defendant the right to the possession of the attached property. *Smead v. Wegman,* 27 Mo. 176; *Young v. Keller,* 94 Mo. 599; *Falker v. Emmerson,* 17 Vt. 101; *McReady v. Rodgers,* 1 Neb. 124; *Becker v. Bailies,* 44 Conn. 167; *Livingston v. Smith,* 5 Pet. 90; *Blanchard v. Brown,* 42 Mich. 46; Naples on Garnishment & Attachment, p. 281; Drake on Attachment, secs. 306, 307. And, therefore, if the sheriff had retained possession of the attached property until the dismissal of the suits, he would have been bound in law to have delivered it to the defendant in those suits, and any other disposition of it would have been illegal and void.

SMITH, P. J.—This was a suit by plaintiff on a judgment rendered against the defendants in Nebraska, in favor of W. J. Carson, sheriff, and assigned by him to the plaintiff.

The defendants, who were partners, engaged in the wholesale clothing business in St. Joseph, Missouri, sold a bill of goods to one Sands, at Geneva, Nebraska. The defendants delivered the goods to the railroad company at St. Joseph, for shipment to Sands at Geneva. The railroad company carried the goods to Geneva, and while they were still in the railroad company's possession, William J. Carson, the sheriff of the county, seized them under a writ of attachment issued in the case of Silas Camp *v.* A. Sands, the consignee of the goods. Another writ of attachment had been issued in the cause of Jacob Houchin *v.* A. Sands, the said consignee. The first suit was for $150, the second for $100. Schuster, Hingston & Co. thereupon instituted an action of replevin against said Carson for the possession of the goods, claiming them as their own by virtue of the right of stoppage *in transitu.* The action of replevin was submitted to the court upon a stipulation in writing entered into between McGrew, who was the attorney of record for the plaintiffs as also for Sands, the defendant in the attachment suits already mentioned, and Doriesthrope, the attorney for the defendant sheriff, as also for Houchin and Camp, plaintiffs respectively in each of said attachment suits. By the terms of the stipulation, certain facts were agreed upon in respect to the sale of the goods by plaintiff to Sands (defendant in the attachments), the delivery thereof to the carrier, etc.

It was further agreed that the defendant, as sheriff by virtue of the said writs of attachment, had seized said goods while in possession of the carrier, and before delivery by it to Sands. It was further agreed that, if the court found "the right to property—right of possession was in plaintiff," the damage should be assessed at twenty-five cents; but, if the court found the right of possession was in the defendant sheriff, then

the value of his possession should be assessed at $250. The court found for the sheriff in the replevin suit and rendered judgment according to the provisions of the stipulation. It is conceded that this judgment remains unreversed and unannulled. It further appears that subsequently to the rendition of said judgment Doriesthrope, the attorney for the attachment plaintiffs, as well as for the defendant in the replevin suit, dismissed the attachment suits, the order of dismissal reciting that the amount claimed "had been by a certain stipulation filed in" the replevin suit accepted by the plaintiffs therein, and a judgment having been rendered thereon for $250, the total amount claimed in both attachment suits. The judgment in this case was for defendant, and from which plaintiff appeals.

It is certainly an undeniable proposition that ordinarily the dissolution of an attachment caused by the dismissal of the suit gives the defendant therein the right to the attached property. But it is not always the absolute duty of the officer to return the attached property, when the dissolution of the attachment takes place, to the defendant. *State ex rel. v. Fitzpatrick*, 64 Mo. 185.

But whatever may be the ordinary rule, it is plainly to be seen by an examination of the record in the Nebraska replevin case, that it cannot be invoked or applied in this case. The agreement entered into between the defendants, who were plaintiffs in the replevin suit, and the plaintiffs and defendant in the attachment suits, must govern and conclude all parties to it. Interpreting the provisions of the stipulation filed in the replevin suit in the light of all the surrounding circumstances which the evidence tends to disclose, and we must conclude that it was the concurrent intention of all the parties to all the suits therein mentioned, that their several rights and interests should be adjudi-

cated and determined in the replevin suit. It is equally clear that it was understood all around that if the issue was found in favor of the sheriff that then he should recover damages equal to the amount of the two demands for which he had attached the property which had been taken from him in the replevin suit. The sheriff under the agreement was converted into a trustee for the attaching creditors of Sands. It was the undoubted understanding that if the replevin failed the attachment would be thereby, and in effect, sustained. The replevin superseded and took the place of the attachment., The judgment for the sheriff in the replevin suit was in effect, and as far as the parties to the agreement were concerned, a judgment in favor of the sheriff for the use of the attaching plaintiffs for the amount of their demands. It was unimportant what became of the attachment suits, for the reason that the agreement practically accomplished their abatement.

"Every consideration of justice, equity and moral obligation dictates that the stipulation of the attorneys should be carried out and enforced."

The defendants herein ought not to be heard to say, as they do in this case, that even if they did agree that in case the court should find for the sheriff in the replevin suit that he should have judgment therein against them for the amount of the claims of the attaching creditors, they are not bound to pay that judgment though they have the goods in their possession which were declared subject to a lien for the amount of the claims of the attaching creditors whose trustee the sheriff was. If the plaintiffs had satisfied the judgment, would the sheriff have been obliged to pay the amount so received over to the attaching plaintiffs or to the defendant in the attachment? His liability under the agreement to the former is as clear as his non-liability to the latter. Camp's right to the amount of damages

adjudged was clearly waived by the agreement. He would be estopped to claim the judgment which, under the agreement, was for the benefit of the attaching creditors. The damages assessed were measured by the amount of their claims.

We can discover no reason why the judgment sued on is not valid, nor why the same was not assignable by the plaintiff therein. We think the judgment should be reversed and the cause remanded to the circuit court with directions to enter judgment for plaintiff for the amount due on the judgment sued on with costs, which is ordered accordingly. All concur.