JOSEPH NEWMAN, Appellant, v. WILLIAM A. YORK, et al., Respondents.

St. Louis Court of Appeals, March 29, 1898.

1. **Attachment:** JUSTICES' COURT: APPEALS. The law of 1891, page 45, does apply to appeals from justices' courts in attachment suits.

2. ———: ———: ———. The law of 1891, page 45, is applicable to attachment proceedings in justices' courts, not only as to the time when the appeal may be taken, but also as to the preservation of the lien of the attachment after verdict abiding the attachment, until an appeal therefrom can be taken by the plaintiff.

*Appeal from the Newton Circuit Court.*—HON. JNO. C. LAMSON, Judge.

REVERSED AND REMANDED (*with directions*).

R. H. DAVIS and HUGH DABS for appellant.

An officer may be sued by the attaching creditor for not exercising due diligence in keeping the attached property. Waples on Attachment, sec. 971; Drake on Attachment [3 Ed.], sec. 411; Wade on Attachment, sec. 2207; 1 Am. and Eng. Ency. of Law [1 Ed.], p. 929. An appeal perfected in time will prevent a dissolution of the attachment. 3 Am. and Eng. Ency. of Law [2 Ed.], p. 242. It was the duty of the defendant to hold the attached property pending the perfection of the appeal.

GEYER & MURRAY for respondent.

The errors assigned are the giving of the instructions asked by the defendant and refusing those asked by the plaintiff. The trial court committed no error in giving the instructions asked by the defendant, because said instructions declare the law correctly as shown by the following authorities. When at any stage of the proceedings the attachment is dissolved, whatever may be the judgment of the court as to the merits of the controversy in regard to the indebtedness, it is the plain duty of the officer to restore the attached property to the owner. 1 Wade on Attachment [1 Ed.], sec. 240; 1 Shinn on Attachment, sec. 354, p. 657; Waples on Attachment [1 Ed.], p. 281. When attachment has been dissolved by reason of judgment in favor of the defendant, the special property of the officer in the attached effects is at an end, and he is bound

to restore them to the defendant.   If he fails to make
such restoration he is liable for the property and the
sureties on the officer's bond are liable for his failure
to make such restoration.   Drake on Attachment
[7 Ed.], sec. 426; 1 Shinn on Attachment, sec. 395.
The right of defendant to the attached property is sus-
pended.   The case of Danforth v. Rupert, above cited,
qualifies the opinion of the Iowa court in case of Dan-
forth v. Carter & May, 4 Iowa, 230 (a much cited case
in plaintiff's authorities), and holds that the doc-
trine laid down in the Carter & May case was not
intended to apply to others than parties to the attach-
ment suit.   If the plaintiff intends to appeal he should
do so immediately or obtain an order of court staying
the dissolution for sufficient time to enable him to per-
fect appeal in such form as to operate as a supersedeas.
In the absence of such an order the officer is not bound
to retain the property to enable the plaintiff to appeal,
but may without delay return it to the defendant.
Drake on Attachment [7 Ed.], sec. 428a; Danforth v.
Rupert, 11 Iowa, 551; 1 Shinn on Attachment, sec.
355; Ryan Drug Co. v. Peacock, 40 Minn. 470; Sherrod
v. Davis, 17 Ala. 312.   The dissolution of the attach-
ment destroys the lien and it becomes the duty of the
officer to return the property to the owner.   1 Shinn
on Attachment, sec. 354, p. 657; Waples on Attach-
ment [1 Ed.], p. 281; State v. Fitzpatrick, 64 Mo. 185;
Filker v. Emerson, 17 Vt. 101.

BLAND, P. J.—I agree that the judgment in this case
should be reversed and the cause remanded for retrial,
but I am not able to concur in the opinion of Judge
BIGGS, that the law of February 25, 1891 (Laws of
1891, p. 45), have no application to attachment pro-
ceedings before a justice of the peace.   If the law of
1891 is inapplicable to this case, then there is no law on

our statute books by which the lien of an attaching
creditor can be preserved for one minute after the re-
turn of a verdict for the defendant on a plea in abate-
ment, and the constable is bound immediately on
demand of the defendant to deliver the attached prop-
erty to him, yet it is conceded that the plaintiff may
appeal from such a verdict, but of what avail would be
his appeal if before he can file an affidavit for his ap-
peal, the property upon which he relies to make his
debt, is released and his lien is gone.   This court has
on two occasions held that the law of 1891 does apply
to appeals from justices' courts in attachment suits,
first in an opinion delivered by Judge ROMBAUER in
Crawford v. Armstrong, 58 Mo. App. 214; and later
in an opinion delivered by Judge BIGGS in Laun v.
Pfister, 69 Mo. App. 629.   If this law is applicable to
control the time when an appeal may be taken, I can
see no reason why it should not be applicable as to the
proper steps to be taken to perfect the appeal and also
to preserve the plaintiff's lien on the attached property
until such time as the plaintiff is allowed to perfect his
appeal.   Of course, the plaintiff can not file a bill of
exceptions upon the finding of an adverse verdict by a
jury on a plea in abatement to the attachment, but he
can give notice of his intention to appeal so soon as the
law will permit him to do so, and the giving of such
notice should authorize the justice to order the con-
stable to hold the property so as to continue the lien
until the plaintiff can perfect his appeal, and notice to
the constable of intention to appeal should have the
same effect.   The rule is not absolute and without ex-
ception that the officer must deliver the attached prop-
erty on the finding of a verdict for the defendant on a
plea in abatement.   If no appeal is taken from the
judgment abating the attachment, or where the plain-
tiff dismisses his suit, or gives no notice of appeal from

an adverse verdict of judgment, it would be the duty
of the officer to deliver the attached property to the de-
fendant on demand, but where an appeal lies and
timely notice of plaintiff's purpose to take an appeal
is given, the officer should hold the property, in order
to continue the lien, under the law of 1891, until
the plaintiff has had an opportunity and time in which
to perfect his appeal, and it seems to me that in view
of the fact that the legislature has fixed a time in which
all appeals may be taken, that it is not within the prov-
ince or power of the courts to say that an appeal in
this character of case should be taken in a shorter time
than that allowed by law, or to leave it to guess what
should be a reasonable time in a given state of circum-
stances.

The citations made by Judge Biggs in his opinion
from Drake and Shinn on Attachments and cases cited
from other states, are inapplicable to this case, if the
law of 1891 is to control appeals in attachment suits
from the judgments of justices of the peace. The case
of State ex rel. v. Fitzpatrick, 64 Mo. 185, is explained
and modified by the cases of Camp v. Schuster, Hings-
ton & Co., 51 Mo. App. 403, and Jaffray v. Claflin,
119 Mo. 117. In the light of section 604, Revised
Statutes 1889, which provides that "the provisions of
law governing attachments in courts of record shall
apply to attachments before justices of the peace, so
far as the same may not be inconsistent with the pro-
visions which are specifically applicable to the latter,"
and of the construction given to this statute in Bagley
v. Kelly, 38 Mo. App. 623, and Hubbard v. Quisen-
berry, 28 Mo. App. 20. I see no difficulty in holding
that the law of 1891 is applicable to at-

ATTACHMENT: ap-
peal in justices
court.

tachment proceedings in justices courts,
not only as to the time when the appeal
may be taken, but also as to the preservation of the

lien of the attachment, after verdict abating the attachment, until an appeal therefrom can be taken by the plaintiff. Applying this law to this case, it was the duty of the constable after the finding of the verdict for the defendant, if he was timely notified by plaintiff of his intention to appeal, to hold the property until the plaintiff had time and opportunity to perfect his appeal. Judge BOND concurs in this opinion.

### SEPARATE OPINION BY JUDGE BIGGS.

In the assignment of causes the record in this case came to me. I wrote an opinion reversing the judgment and remanding the cause. The opinion was returned with the indorsement that my associate judges concurred *in the result only.*

I declined to file the opinion, and I returned the record with the request that an opinion be written expressing the views of the court, to the end that the circuit court might have some guide in the retrial of the case. Judge BLAND has prepared an opinion, in which Judge BOND concurs, and to which I can not agree. As the question involved is an important one, I deem it proper to state my views in a separate opinion.

There is but little controversy as to the facts.

The relator sued one Armstead by attachment before a justice of the peace. The defendant York, who was the constable of the township, served the attachment writ by levying upon a horse. There was a plea in abatement. Upon the trial of the issues presented by the plea in abatement the finding was for Armstead. Upon the same day there was a judgment for the debt, there being no defense to the merits. These proceedings were had on the twenty-ninth day of December, 1893. An appeal was granted to the plaintiff on the second day of January, 1894. On a

trial in the circuit court the attachment was sustained and a judgment for the debt was entered.

An execution was issued on the judgment and returned unsatisfied. On the day following the dissolution of the attachment before the justice the defendant York delivered the horse to Armstead. The relator claims that the delivery was unauthorized. The evidence for the defendant tended to show that in compliance with a demand of Armstead the horse was delivered to him; that the delivery was made before an appeal was asked for, and before York had notice that an appeal would be taken. The evidence for the relator was to the effect that his attorney notified York on the day the judgment was rendered that an appeal would be perfected as soon as it was possible to do so. The circuit court instructed the jury that the defendants were not liable if the horse was delivered on the demand of Armstead and before an appeal had been granted. The theory of the instruction is that the verdict of the jury on the plea in abatement dissolved the attachment, and that unless the relator appealed *instanter* it was the duty of York to redeliver the horse to Armstead.

There can be no question that the effect of a verdict for the defendant on a plea in abatement before a justice of the peace is to dissolve the attachment. The statute so provides. (R. S. 1889, sec. 595.) Independent of the statute it is the rule announced by all the text-books and decisions. Neither is there any question under the authorities that upon a dissolution of the attachment the defendant is entitled to a return of the property. Mr. Drake says: "When an attachment has been dissolved by reason of a judgment in favor of the defendant, or otherwise, the special property of the officer in the attached effects is at end, and he is bound to restore them to the defendant, if he is still the

owner of them. * * * If he fail to make such return, he is liable for the property." Drake on Attachments [7 Ed.], sec. 426. The same doctrine is declared in Shinn on Attachments (sec. 395). This author says: "Whenever the attachment lien is dissolved, no matter for what cause nor at what stage of the proceedings soever, it becomes the immediate duty of the officer to return the property to the original owner * * * and a failure of the officer to surrender it not only renders him liable in trespass or trover, but is a breach of his official duty," etc. But an appeal by the plaintiff from a judgment dissolving an attachment will operate as a supersedeas; that is, it will suspend the right of the defendant to demand a return of the property.

The question is, when must such an appeal be taken in order to continue the attachment lien. My associates in effect decide that plaintiff has the full time allowed by law for taking appeals in ordinary cases. I have been unable to find any authority which supports this ruling. Mr. Drake says: "Upon the dissolution of an attachment, if the plaintiff intends to appeal from the order of dissolution, he should do so immediately, or obtain an order of the court staying the dissolution for a time sufficient to enable him to perfect an appeal in such form as to operate as a supersedeas. In the absence of such an order the officer is not bound to retain the property to enable the plaintiff to appeal, but may without delay return it to the defendant." Mr. Shinn says: "It is no part of the officer's duty to retain the property to enable the plaintiff in the attachment to appeal from the order dissolving it and to give a stay-bond" (note 5, p. 657). Some of the cases hold that in order to continue the attachment in force an appeal from the judgment of dissolution must be taken *instanter* or the officer must be instructed by order of court to hold the property

until an appeal can be perfected. Ryan Drug Co. v. Peacock, 40 Minn. 470; Sherrod v. Davis, 17 Ala. 312. Others hold that the appeal must be taken promptly, that is within a reasonable time. Danforth v. Carter, 4 Iowa, 230; Danforth v. Rupert, 11 Iowa, loc. cit. 551; Drake on Attachments, sec. 428. The law of 1891 (Sess. Acts Mo. 1891, p. 45) can have no application. The statute concerns practice in attachment causes in the circuit courts. It provides that when the verdict of the jury on the plea in abatement is against the plaintiff he may file his bill of exceptions as upon any other matter, and the cause shall proceed to trial upon the merits, *"and the filing of his bill of exceptions by plaintiff shall preserve the attachment in full force."* This is the only provision which has the least reference to the preservation of attachment liens. The general statutes (R. S. 1889, sec. 604) provide that the provisions of law governing attachments in courts of record shall be applicable in like proceedings before justices of the peace, as far as the same may be applicable. It is needless to add that there can be no such thing as a bill of exceptions in a magistrate's court.

My associates also decide that when there is a judgment dissolving the attachment, it is the duty of the constable to hold the attached property until he receives an order from the justice directing him to deliver it to the defendant in the attachment. This ruling is likewise without authority to support it. In fact it is in the very teeth of the decision of the supreme court in State ex rel. v. Fitzpatrick, 64 Mo. loc, cit. 188.

In discussing the duty of a constable upon the dissolution of an attachment the court said: "The statute does not require that any order shall be made, when an attachment is dissolved, for the return of the property attached to the defendant in the attachment.

Upon its dissolution the officer becomes the bailee for the defendant (if he is the owner) not by contract, but by operation of law." Mr. Shinn in his work on Attachment (sec. 354) says: "Unless particularly required by the statute it is not necessary that the court order the property to be delivered up to the defendant. But when the statute so requires it is imperative that such an order be entered."

My own opinion is that if the relator desired to retain the advantage of the attachment it was his duty to take his appeal promptly—that is within a reasonable time under all the circumstances. This I think is the better rule, for if the appeal must be taken instantaneously as some of the cases hold, then a redelivery may be made *instanter*, which would put it in the power of the defendant and the officer to cut off an appeal in any case. Whether the relator perfected his appeal within a reasonable time, is, in my judgment, a question of fact which ought to have been submitted to the jury.