WILLIAM HAUSER,. Appellant, v. HENRY ANDERSCH,
Respondent.

St. Louis Court of Appeals, February 13, 1894.

56 485
57 34
58 216
56 485
61 16
62 665

**Attachments:** APPEAL FROM JUDGMENT ON PLEA IN ABATEMENT.
Under our existing law (Session Acts, 1891, p. 45) an appeal cannot
be taken directly from the judgment on the plea in abatement in an
action by attachment; the proceedings under such plea can now be
reviewed only on an appeal from the final judgment in the cause.

*Appeal from the St. Louis County Circuit Court.*—HON.
RUDOLPH HIRZEL, Judge.

APPEAL DISMISSED.

*F.* and *Ed. L. Gottschalk* for appellant.

*R Lee Mudd* and *Zach. J. Mitchell* for respondent.

BOND, J.—This action is for the balance due on a
note. An attachment was sued out on the grounds,
among others, that defendant had fraudulently conveyed,
and was about fraudulently to convey, his property so as
to hinder or delay his creditors. A plea in abatement
denying the grounds alleged in the affidavit for attach-
ment was filed, and, upon a trial of the issues
thus made, the jury returned a verdict in favor of
defendant, from which, after the overruling of his
motion for a new trial, plaintiff took his appeal to this
court.

This appeal must be dismissed. It was evidently
taken under a misconception of the law in force in
attachment suits. By the act of February 25, 1891,
(Session Acts, p .45), it is provided that, upon the trial

of the issue made by a plea in abatement, if the finding be for defendant and a new trial is refused, "the court shall thereupon render judgment that the attachment be abated at the costs of plaintiff and his sureties, and thereupon the plaintiff may file his bill of exceptions as upon any other matter in the proceedings, and the cause shall proceed to trial upon the merits, and the filing of his bill of exceptions by plaintiff shall preserve the attachment in full force."

The act further provides for an appeal by either party from the merits, and for the preservation of the attachment lien by bond and *supersedeas* until the final determination of the case.

This act in plain terms postpones the right of both parties to appeal from a finding on the issues on the plea in abatement until *after* the case shall have been tried on its merits. At such time the plaintiff may appeal either from the finding on the plea in abatement or on the merits, or from both, as he may elect. The defendant may then appeal, if at all, on the whole case; but neither party can, under the present act, appeal before a trial on the merits.

The learned counsel evidently overlooked the fact of the amendment of section 562 of the Revised Statutes of 1889, by the act of February 25, 1891, *supra*. Under the former act, the plaintiff might have appealed directly from the verdict and judgment on the plea in abatement without proceeding further in the lower court. This, as we have seen, can be no longer done under the existing statute.

Since the appeal herein was taken before the trial of this cause on the merits, it is dismissed. All concur.