SPRINGFIELD MILLING COMPANY, Appellant, v. R. L. RAMEY, Respondent.

St. Louis Court of Appeals, March 5, 1894.

Attachment: APPEAL FROM JUDGMENT ON PLEA IN ABATEMENT. Under the act of February 25, 1891, which is now in force, a plaintiff can not appeal directly from an adverse judgment on the plea in abatement in a suit by attachment, but must delay until the final judgment in the cause on the merits.

*Appeal from the Greene Circuit Court.*—HON. J. T. NEVILLE, Judge.

APPEAL DISMISSED.

*T. J. Delaney* and *Mellette & Frink* for appellant.

*James R. Vaughan* and *Heffernan & Buckley* for respondent.

BOND, J.—This is an action for $650, alleged to be due the plaintiff by the defendant for goods sold and delivered by it to him, and for the amount of three promissory notes made by defendant and payable to plaintiff.

The plaintiff sued out an attachment upon several grounds set forth in the statutes on the subject of attachments.   The defendant filed a plea in abatement duly sworn to, denying the several grounds of attachment alleged in plaintiff's affidavit, and thereupon a trial of the issues thus made upon defendant's plea in abatement was had, and a verdict returned in his favor. The court rendered judgment upon this verdict of the jury, dissolving the attachment proceedings against defendant and adjudging the costs thereof in his favor. After the overruling of his motion for a new trial, plaintiff took his appeal from said judgment to this court.

The suit was begun on the thirtieth of December, 1891, on which day also the plaintiff filed his affidavit for attachment.

This appeal is, therefore governed by the attachment laws in force at that time, and as it was taken directly from the verdict and judgment on the issues made by the plea in abatement, and *before* the cause was tried upon its merits, it must be dismissed.   We have ruled on this question at the present term. *Hauser v. Andersch*, 56 Mo. App. 485.   We then said in discussing the subject:

"By the act of February 25, 1891 (Session Acts, 1891, p. 45), it is provided that, upon the trial of the issue made by a plea in abatement, if the finding be for defendant and a new trial is refused, 'the court shall thereupon render judgment that the attachment be abated at the costs of plaintiff and his sureties, and thereupon the plaintiff may file his bill of exceptions as upon any other matter in the proceedings, and the cause *shall* proceed to trial upon the merits, and the filing of his bill of exceptions by plaintiff shall preserve the attachment in full force.' "

The act further provides for an appeal by either

party from the merits, and for the preservation of the attachment lien by bond and *supersedeas* until the final determination of the case.

This act in plain terms postpones the right of both parties to appeal from a finding on the issue on the plea in abatement, until after the case shall have been tried on its merits. At such time the plaintiff may appeal either from the finding on the plea in abatement or on the merits, or both, as he may elect.

The defendant may then appeal, if at all, on the whole case; but neither party can under the present act appeal before a trial on the merits.

The learned counsel evidently overlooked the fact of the amendment of section 562 of the Revised Statutes of 1889 by the act of February 25, 1891, *supra*. Under the former act the plaintiff might have appealed directly from the verdict and judgment on the plea in abatement without proceeding further in the lower court. This, as we have seen, can be no longer done under the existing statute.

This ruling constrains us to dismiss the present appeal as having been prematurely taken.

It is so ordered. All concur.