J. H. CRAWFORD, Appellant, v. WILLIAM G. ARMSTRONG, Respondent.

St. Louis Court of Appeals, May 1, 1894.

1. **Appeal from Justice's Court in Action by Attachment.** An appeal from the judgment of a justice of the peace on the plea in abatement in an action by attachment can not be taken prior to the judgment on the merits.

2. ———: DEFECTIVE AFFIDAVIT. The failure of the affidavit on such an appeal to state whether the appeal is taken from the judgment on the plea in abatement or from that on the merits is not a jurisdictional defect.

3. **Practice, Trial:** NOTICE OF TENDER. The deposit in court of a sufficient amount as a tender by the defendant stops the accrual of costs. The defendant need not notify the plaintiff of the tender; nor will the giving of a notice, which misstates the amount of the tender and mentions it as less than the sum subsequently recovered by the plaintiff, affect the validity of the tender.

4. **Landlord and Tenant:** CONSTRUCTION OF LEASE. A lease for one year provided for the payment of the entire rent on a day during the term. It also provided for the performance of certain work by the lessee at a fixed rate of compensation, and for the application of the earnings therefrom on the rental. *Held*, in an action by the lessor for the rent, that the lessee was entitled to the deduction of compensation for all labor performed by him during the term, whether before or after the date fixed for the payment of the rent.

5. **Practice, Appellate**: NON-PREJUDICIAL ERROR. The refusal of a proper instruction, if non-prejudicial, will not work a reversal of the judgment of the trial court.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge. '

AFFIRMED.

*Edmonston & Cullen* for appellant.

(1) It was error to permit defendant to amend his set-off in the circuit court, by adding a new item, and increasing the amount of his claim. R. S., secs. 6345, 6346 and 6347; *Boughton v. Railroad*, 25 Mo. App. 10; *Wehringer v. Ahlemeyer*, 23 Mo. App. 277. (2) The court erred in permitting evidence to be offered as to work performed after December 10. Where a party agrees to do a prescribed thing in a prescribed time, it is no defense to an action on said contract that he offered to do, or did do, the same thing after the prescribed time had expired. *Harrison v. Railroad*, 74 Mo. 371; *Redheffer v. Leathe*, 15 Mo. App. 12. (3) The verdict is against the evidence. Under the contract and the uncontradicted testimony the verdict should have been for a much larger sum. The total disregard by the jury of evidence on one branch of the case will warrant a setting aside of the verdict. Such a verdict is evidently the result of passion, prejudice or partiality on the part of the jurors. In such cases the judgment should be reversed. *Doty v. Steinberg*, 25 Mo. App. 328; *Clark v. Fairley*, 30 Mo. App. 335; *Klostermann v. Kage*, 39 Mo. App. 60; *Peters–Miller Shoe Co. v. Casebeer*, 53 Mo. App. 640. (4) The court erred in taxing the costs against plaintiff. The notice of tender given by defendant's attorney to plaintiff's stated that the amount tendered was much less than

the judgment obtained and costs at that time. Defendant gave a false notice for the purpose of misleading, and did mislead, the plaintiff, and he is estopped from proving the contrary. *Bank v. Frame*, 112 Mo. 502; *City of St. Louis v. Lumber Co.*, 98 Mo. 613; *Blodgett v. Pevy*, 97 Mo. 263.

*McIntyre & Crigler* for respondent.

ROMBAUER, P. J.—The plaintiff sued by attachment for the recovery of $170.75, which he claimed was due to him from the defendant under the contract of letting hereinafter set out. The action was brought before a justice of the peace, where the jury found a verdict for the defendant on the plea in abatement, and a verdict for the plaintiff on the merits for $105. From this judgment the plaintiff appealed to the circuit court, and on such appeal filed an affidavit which failed to state whether the appeal was taken from the judgment on the plea in abatement, or on the merits. The defendant moved to dismiss this appeal, as the record shows, not on the ground of this defect in the affidavit, but on the ground that no separate appeal was taken from the judgment on the plea in abatement. The court overruled this motion properly, because, under the law, as it stands since the amendment of February 25, 1891 (Laws, 1891, p. 45), it is immaterial whether the judgment on a plea in abatement be for the plaintiff or defendant, as in either event a judgment upon the merits is a condition precedent to an appeal. *Hauser v. Andersch*, 56 Mo. App. 485. Nor does the defect in the affidavit on an appeal from a justice deprive the circuit court of *jurisdiction* in the premises, as has been recently decided both by this court and the Kansas City court of appeals. There is, therefore, no merit in the

defendant's motion, that we should dismiss this appeal for want of jurisdiction.

The cause was tried in the circuit court anew, and the plaintiff recovered judgment both on the plea in abatement and on the merits. The recovery on the merits was for $110.61. It appeared in evidence that the defendant had, immediately after the transcript of the justice was filed in the circuit court, deposited with the clerk of the circuit court $138.50, which sum, as the court found, was more than sufficient to cover the final judgment rendered in favor of the plaintiff, and all the costs accrued up to date of such tender. The court thereupon ordered that the cost of the circuit court be taxed against the plaintiff. The plaintiff excepted to this taxation of costs, on the ground that he was not advised of such tender, and that the notice the defendant gave to him of such tender was that it was $118.40. The plaintiff thereupon appealed from the judgment, and now assigns for error that the judgment is inadequate; that the court erred in taxing the costs of the circuit court against him, and erred in its rulings upon the evidence and instructions.

The statute, section 2939 of the Revised Statutes of 1889, provides in substance that, if the defendant deposit with the clerk to the use of the plaintiff the amount he admits to be due, and the costs then accrued, and the plaintiff shall not afterwards recover more than the sum deposited, he shall pay all costs that may accrue from and after the time such money was so deposited. The statue makes no provision for any other notice to the plaintiff than that arising from the deposit of the money, of which the clerk shall and usually does make a minute upon his records. Such a minute was made in the present case, correctly reciting the amount deposited. In addition thereto counsel for the defendant gave written notice to the plaintiff's counsel of

the amount of the tender, which, by mistake, described that amount as $118.40, instead of $138.50. The amount named in the notice fell short of the ultimate recovery, including costs, by $5.61.

We can not see how under these circumstances we can put the trial court in the wrong for taxing costs against the plaintiff. The statute makes the liability of the plaintiff for costs depend not on the notice which he receives of the deposit, but upon the actual deposit made. The money paid into court by defendant by way of tender may be withdrawn by the plaintiff at any time on dismissing his suit; it is in the custody of the law, and subject alone to the plaintiff's demand. *Voss v. McGuire*, 26 Mo. App. 453; *Kansas City Transfer Co. v. Nieswanger*, 27 Mo. App. 356; *Giboney v. Ins. Co.*, 48 Mo. App. 185; *Mahan v. Waters*, 60 Mo. 167; *Williamson v. Baley*, 78 Mo. 636. The plaintiff, had he so requested, would have been entitled to an instruction to the jury to find for him for the amount of the tender. *Voss v. McGuire*, *supra*. He however, failed to ask for such an instruction.

The rent contract sued upon by the plaintiff provided that the rent should be due December 10, 1891. The term was from March 1, 1891, to March 1, 1892. The contract further provided that the lessee was to cut and haul from the farm to Mexico twenty loads of good wood, to average three-fourths of a cord a load, for $1.25 a load. It also provided that for work done by the lessee for the lessor the former should be allowed $1 per day, such compensation to be applied on the rent, except that cutting the hedge around the lot and down to the wood pasture, and putting the yard and garden fence in good repair, should be done without charge. It was agreed upon the trial that of the rent $119 remained due, subject to defendant's clause

of set-off. There was a conflict in the evidence as to the extent of these set-offs, but the defendant offered substantial testimony, which, if believed by the jury, would have reduced plaintiff's recovery below the verdict actually recovered by him. The error complained of on that score is that the court should have limited these claims of set-off to items accruing prior to December 10, 1891, when the rent was payable. This view, however, is not tenable. The defendant could show a compliance, or an offer of performance of conditions to be performed by him, at any time within the term, which, as above seen, expired only March 1, 1892.

We find no evidence in the record that the court permitted the defendant to *increase* his claim for set-offs in the circuit court. The matters tried in the circuit court and before the justice were substantially the same. The items tried were certainly such only as were *intended* to be included in the original statements of both parties, and hence embraced the same causes of action. *Dowdy v. Womble*, 110 Mo. 280. The plaintiff's judgment in the circuit court exceeds the one he recovered before the justice, and as the parties started with an agreement that the rent due was a specified amount, subject to the defendant's set-offs, there is no evidence furnished either by the finding or by other parts of the record that the defendant introduced *new* set-offs in the circuit court.

The first instruction offered by the plaintiff was properly refused, because it peremptorily directed the jury to allow to the plaintiff the value of twenty loads of good wood, at three-fourths of a cord per load, less $1.25 per load, when there was evidence tending to show that the defendant had performed *part* of his agreement to cut and haul the wood, and the instruction ignored that evidence. The third and fourth

instructions were properly refused because they limited the right on part of defendant to perform his part of the conditions of the lease to a period anterior to its termination.    The second instruction, while correct, was merely cautionary, and the record furnishes no evidence that its refusal had any tendency to affect the result.

Finding no substantial error in the record, the judgment will be affirmed.   So ordered.   All concur.