J. P. WESBY *et al.*, Appellants, v. W. E. BOWERS, Respondent.

St. Louis Court of Appeals, May 15, 1894..

1. Practice, Appellate: REQUISITES OF ABSTRACT FILED IN LIEU OF TRANSCRIPT. When a printed abstract of the record is filed in lieu of a transcript, it must contain a statement of every matter sought to be reviewed on appeal, and of all facts showing jurisdiction of the appeal by this court, with the exception of the record entry of the judgment and the allowance of the appeal, which must be shown by the certificate of the clerk of the trial court.

2. Practice, Trial: FAILURE OF PROOF. When the evidence in a cause does not substantiate any cause of action stated or attempted to be stated in the petition, an entire failure of proof and not a mere variance results.

3. Equity: PROCEEDING IN AID OF FRAUD. A party is not entitled to the aid of a court of equity in furtherance of fraud.

*Appeal from the Newton Circuit Court.*—HON. J. C. LAMSON, Judge.

AFFIRMED.

A. V. *Darroch* and W. *Cloud* for appellants.

W. R. *Cowley* and *Lyman* W. *White* for respondent.

ROMBAUER, P. J.—A preliminary question arises in this case as to what is properly before us on this appeal. The appeal purports to be taken under the second alternative of section 2253 of the Revised

Statutes of 1889 by filing, in lieu of a transcript, a certified copy of the decree appealed from and order of appeal, and a printed abstract of the record. The clerk's certificate includes, besides the two entries provided for by the section, a large number of other entries not provided for, but which under the law should be contained in the printed abstract of appellant. It is only by piecing together the clerk's certificate of record entries and the printed abstract of the appellant, that we are advised at all what proceedings were had in the trial court. Such a course can not be approved. In cases where an appeal is taken and the appellant desires to file a printed abstract, such abstract must contain a statement of every matter sought to be reviewed on appeal, and of all facts showing jurisdiction of the appeal by the court, with the exception of the record entry of the judgment and the allowance of the appeal, which *must* be shown by the clerk's certificate.

The respondent claims that the appeal in this case should be dismissed for the above irregularities. That claim is not tenable, because the printed abstract sufficiently shows the filing of a motion for new trial and of a bill of exceptions in due time. It fails to show that an injunction has ever been granted in the case, whereas the judgment entry recites a dissolution of the injunction; but still there is enough to show by the petition, answer and evidence, whether the court erred in holding that the plaintiffs were entitled to no relief at all.

Proceeding to consider the cause upon its merits, as far as we are enabled to do so in this condition of the record, the following facts appear. The plaintiffs by their petition claim that they entered into a contract with the defendant, whereby they were to engage jointly in the milling business under

the firm name and style of R. C. Stone & Company. By the terms of the contract the plaintiffs were to furnish the capital to operate the mill, and the defendant was to manage it and account to the plaintiffs for the profits, which were to be credited on an existing indebtedness from the defendant to the plaintiffs. By another provision of the contract the plaintiffs were authorized to take possession of the mill at any time they became dissatisfied with the defendant's management. The petition then goes on to state that the defendant, in violation of the terms of the contract, endeavored to dispose of the personal property in the mill for his own uses, and, although requested to surrender the mill, failed to do so; and that, in order to protect the plaintiffs and creditors of the firm, it was essential that the defendant should be enjoined, and a receiver be appointed to take charge of the property and to collect and pay off the debts. It would seem that upon this petition the judge in vacation granted a temporary injunction and appointed a receiver, although such facts are not shown by the defendant's abstract, where they *should* appear. The defendant appeared at the return term, and denied each of the allegations of the petition.

When the cause came on for final hearing, the following facts were established by the weight of the evidence. No partnership of any kind ever existed at any time between the plaintiffs and defendant. The defendant was engaged in the milling business with two others, and brought such other partners out before he had any individual dealings with the plaintiffs. He never sold or delivered to the plaintiffs any part of the stock or personal property in the mill, but, being indebted to the plaintiffs, agreed with them that he would pay such indebtedness out of

the profits of the mill, the plaintiffs holding a mortgage on the realty of the mill. It further appeared that the only object of using the firm name of R. C. Stone & Company in carrying on the mill was to deter certain creditors of the defendant from seizing the personal property therein on process against him; that is to say, that the name was a mere cover. Upon this showing the court dismissed the bill and dissolved the injunction, and the plaintiffs appealed.

We can not see how upon this showing the plaintiffs have any just ground of complaint. Their petition, as a petition for an accounting, states no cause of action, as it neither states nor prays for an account. As a bill for a dissolution of partnership it is bad, because it prays for no dissolution. The entire proof negatives the existence of a partnership. If, therefore, the petition had stated a cause of action properly, the plaintiffs could not recover, since their proof does not substantiate any cause of action either stated or attempted to be stated in their petition. This is not a mere variance, but an entire failure of proof. *Cape Girardeau Railroad v. Kimmel*, 58 Mo. 83; *Reed v. Bott*, 100 Mo. 62. Nor can we see how, upon the showing that the use of the firm name of R. C. Stone & Company was a mere cover, the plaintiffs could invoke the aid of a court of equity in furtherance of the fraud. *Scudder v. Atwood*, 55 Mo. App. 512.

It results from the foregoing that the judgment must be affirmed. Judgment affirmed, and cause remanded for assessment of damages on injunction bond. All concur.