DIXON NATIONAL BANK, Respondent, v. WESTERN LUMBER COMPANY, Appellant.

Kansas City Court of Appeals, December 14, 1896.

Attachment: FRAUDULENT CONVEYANCES: SOLVENT DEBTOR. Attachment lies against the solvent debtor who has fraudulently conveyed only a portion of his property.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*Trimble & Braley* for appellant.

The record shows that the appellant had ample property out of which to pay its debts, and the conveyances complained of by respondent could by no man-

ner of means have had the effect of hindering, delaying, or defrauding creditors. Voluntary conveyances are sustained where the grantors had sufficient property to pay their debts. *Updergraff v. Theaker*, 57 Mo. App. 45; *Lloyd v. Fulton*, 1 Otto, 479; *Jones v. Clifton*, 11 Otto, 225; *Emerson v. Opp*, 139 Ind. 27; *Hinde's Lessee v. Longworth*, 11 Wheat. 199, 213; *Walsh v. Ketchum*, 84 Mo. 427; *Rose v. Colter*, 76 Ind. 590; *Brumbaugh v. Richcreek*, 127 Ind. 240; Bump on Fraud. Conv., pp. 275, 276, 291; *Harting v. Jockers*, 136 Ill. 627. Respondent was a creditor subsequent to the conveyances of which it complains. The law is that such creditors can not attack voluntary conveyances, unless they be made with intent to hinder, delay, and defraud creditors. *Loehr v. Murphy*, 45 Mo. App. 519.

*Muckle & Winn* for respondent.

Since the mortgage and other conveyances are fraudulent in law as to creditors, they are ground for attachment. *Bank v. Lumber Co.*, 59 Mo. App. 317; *Reed v. Pelletier*, 28 Mo. 173; *Douglas v. Cisna*, 17 Mo. App. 54; *Temple v. Cochran*, 13 Mo. 119; *Gens & Tilde v. Hagardine Co.*, 56 Mo. App. 248; *Noyes v. Cunningham*, 51 Mo. App. 194; *Sauer v. Behr*, 49 Mo. App. 89. Delivery of possession of mortgaged personal property to a mortgagee must be actual, open, unequivocal, and exclusive. Jones on Chattel Mortgages [3 Ed.], secs. 186, 187. When facts are undisputed or clear the court should apply the law and determine the case. *Wright v. McCormack*, 67 Mo. 426–430; *Stewart v. Nelson*, 79 Mo. 523, 524; *Reichenbach v. Ellerbie*, 115 Mo. 595; *Powell v. Powell*, 23 Mo. App. 363–373; *State to use v. Busch*, 38 Mo. App. 440. It is only necessary for the court to instruct the jury upon disputed facts. *Russell & Co. v. Ins. Co.*, 55 Mo. 585–594. When facts necessary to

be proven to make out plaintiff's case, clearly appear from defendant's testimony, the court should instruct the jury that such facts stand admitted. They are admissions as fully as if embodied in defendant's answer. *Shirts v. Overjohn*, 60 Mo. 305–308. The conveyances, false and feigned absolute deeds to Littlefield, Olney, Pattison, and Easterbrook, were fraudulent in law to creditors of appellant. A deed of conveyance of property, real or personal, absolute in form, made by one indebted to others besides the grantee, accompanied by a secret agreement between the parties to it, inconsistent with its terms, and securing some right to the grantor in the property conveyed, or in the rents and profits thereof, or showing that the conveyance was intended as security for the payment of a debt, while valid between the parties to it, is fraudulent in law as to creditors of the grantor, and this is especially so if the grantor was at the time financially embarrassed. This doctrine, with reference to such conveyances of real estate, was applied and upheld in the following well considered cases: *Bank v. Lumber Co., post, p.; Stratton v. Putney*, 63 N. H. 679; *Beeler v. Crane*, 135 Ill. 27; *Reese v. Bromberg*, 88 Ala. 628; *Holcombe v. Roy*, 1 Iredell, 340; *Gregory v. Perkins*, 4 Dev. 50; *North v. Belden*, 13 Conn. 276; *McNeil v. Glenn*, 3 Md. Ch. 349; *Sims v. Gaines*, 64 Ala. 392; *Bryant v. Young*, 21 Ala. 264; *Hartzhorn v. Williams*, 31 Ala. 149; *Whitney v. Hill*, 9 N. H. 32; *Smith v. Lowell*, 6 N. H. 69; *Watkins v. Arms*, 64 N. H. 99; *Ladd v. Wiggins*, 35 N. H. 421, 426; *Lukin v. Aird*, 8 Wall. 78; *Moore, Adm'r, v. Wood*, 100 Ill. 451, 454; *Towl v. Hoit*, 14 N. H. 61; *Coolidge v. Melvin*, 42 N. H. 511; *Macomber v. Peck*, 39 Iowa, 351; *Strong v. Lawrence*, 58 Iowa, 55. The same doctrine applies to conveyances of personal property absolute on their faces, and intended not to be absolute sales, but securities for

payment of debts. *Beeler v. Crane*, 135 Ill. 27; *Lang v. Stockwell*, 55 N. H. 563; *Coburn v. Pickering*, 3 N. H. 415; *Parker v. Pattie*, 4 N. H. 176; *McCulloch v. Hutchinson*, 7 Watts, 434; *Passmore v. Eldridge*, 12 Serg. & R. 198; *Cheney v. Palmer*, 6 Cal. 119; *Twyne's case*, 3 Coke's Rep. 80; *Manufacturing Co. v. Steele*, 36 Mo. App. 502; *Patterson v. Letton*, 56 Mo. App. 325; *Bank v. Lime Co.*, 43 Mo. App. 561; *State to use v. Kock*, 40 Mo. App. 565.

ELLISON, J.—Plaintiff instituted this action by attachment. The controversy here is on the plea in abatement. The attachment was sustained in the court below on the authority of *Bank v. Western Lumber Co.*, 59 Mo. App. 317.

The cause of attachment were those statutory grounds relating to a fraudulent disposition of property by defendant so as to hinder or delay its creditors. The chief question presented is whether an attachment will lie against a solvent debtor who has made a fraudulent conveyance of a portion of his property. We held that it would in *Bank v. Western Lumber Co.*, 59 Mo. App. 317. The supreme court also held this to be a proper construction of the statute in *Rock Island Nat. Bank v. Western Lumber Co.*, 34 S. W. Rep. 869; 35 S. W. Rep. 1132. Those cases were against the defendant here, and present the same facts.

ATTACHMENT: fraudulent conveyances: solvent debtor.

We will, therefore, do no more than refer to them for the reasons governing the disposition of the cause. The judgment will be affirmed. All concur.