F. C. LAUŃ, Respondent, v. ISAAC PFISTER *et al.*, Appellants.

St. Louis Court of Appeals, March 9, 1897.

Attachment: APPEAL. The defendant in attachment must appeal from the whole case, if at all. (Sess. Acts 1891, p. 45.)

*Appeal from the Phelps Circuit Court.*—HON. C. C. BLAND, Judge.

STRICKEN FROM DOCKET; Judge BOND concurring, Judge BLAND not sitting.

*James L. Lester* for appellants.

Whether one, or both, or neither, of sections 562 and 6330 apply to this suit, the whole case was before

the circuit court, and a trial on the merits should have been had there. R. S. 1889, sec. 6339; *Phillips v. Bliss*, 32 Mo. 427; *Compton v. Parsons*, 76 *Id.* 455; *Hubbard v. Quisenberry*, 28 Mo. App. 20; *Meyers v. Boyd*, 37 *Id.* 532; *Rice v. R'y*, 30 *Id.* 110.

A party not appealing can not complain of error. *Rogers v. Wolfe*, 104 Mo. 1; *Nearin v. Bakewell*, 110 *Id.* 645; *Sanderson v. Wertz*, 44 Mo. App. 496.

The defect in an affidavit of appeal is waived after trial had. *Welsh v. R'y*, 55 Mo. App. 599; *Nicholson v. R'y*, *Id.* 593.

A judgment on a plea in abatement only is not *res judicata* on the merits. *Garrett v. Greenwell*, 92 Mo. 120; *Duncan v. Forgery*, 25 Mo. App. 310.

The same cause that was tried in the justice's court must be tried *de novo* in the circuit court. R. S. 1889, sec. 6345; *Soutier v. Kellerman*, 18 Mo. 509; *Altheimer v. Teuscher*, 47 Mo. App. 284; *Broughton v. R'y*, 25 Mo. App. 10; *Loomis v. R'y*, 17 *Id.* 340; *Sherman v. Lockwood*, 26 *Id.* 403.

An appeal will not be defeated if the error appears on the record, even though a motion in arrest or for new trial was not made in time. *Bagby v. Emberson*, 79 Mo. 139; *Johnson v. Latta*, 84 *Id.* 139; *Inglis v. Floyd*, 33 Mo. App. 565.

In attachment, when there has been no final judgment on the merits in the circuit court, an appeal may be defeated. Laws 1891, p. 45; *Hauser v. Anderson*, 56 Mo. App. 485; *Milling Co. v. Ramey*, 57 *Id.* 33.

A judgment against a married woman is void if the requirements of the last proviso of section 6869, as amended, are not complied with. Laws 1895, page 222. See, also, as to debt against married woman in attachment, *Bockhoff v. Gruner*, 47 Mo. App. 22.

*Thomas M. Jones* for respondent.

This court will not reverse a judgment where the errors complained of in the record do not materially affect the merits of the action, and where it does not appear that appellant was prejudiced thereby. *McGuire v. Nugent*, 103 Mo. 161; *Harris v. Powell*, 56 Mo. App. 24.

Appellants can not be heard to complain of their own errors. *Lynch v. R. R.*, 111 Mo. 601; *McGuire v. Nugent, supra; State ex rel. v. Gage*, 52 Mo. App. 464; *Fisher Leaf Co. v. Whipple*, 51 *Id.* 181; *Herman v. Owen*, 42 *Id.* 387; *Hadwick v. Cox*, 50 *Id.* 509; *Noyes v. Cunningham*, 51 *Id.* 194; *White v. Mfg. Co.*, 53 *Id.* 337.

Where defendant appears and makes defense, all defects as to service are waived and complete jurisdiction of the cause thereby acquired by the court. *Baizly v. Baizly*, 113 Mo. 544; *Pierson v. Gillett*, 55 Mo. App. 312.

By appealing defendants waived all defects in summons and service. *Witting v. R'y*, 101 Mo. 631.

Points raised by appellants as to rights of married women will not be heard in this court for the first time. *Pattison v. Setton*, 56 Mo. App. 325.

BIGGS, J.—The plaintiff sued the defendants by attachment before a justice of the peace. The defendants filed a plea in abatement before the justice and a trial ensued. The issues were found against the defendants. The cause reached the circuit court on appeal, where the plea in abatement was again tried with a like result. The defendants have attempted to appeal from the judgment sustaining the attachment. The record shows that an affidavit for an appeal was filed, but it fails to show that an appeal was granted. It also fails to show a final determination of the cause. The defendant in an attachment must appeal, if at all,

from the whole case. Session Acts, 1891, page 45. It follows that the cause must be stricken from the docket. Judge Bond concurs; Judge Bland not sitting.