Jacob Furth Grocery Company, Respondent, v. Robert S.
May, Administrator, Etc., of A. C. Lewis,
Deceased, Appellant.

St. Louis Court of Appeals, January 24, 1899.

1. **Attachment:** PLEA IN ABATEMENT: INTENT. In the case at bar,
the bill of sale was fair on its face, hence it devolved on the plaintiff
to establish two propositions of fact. First, that the bill of sale was
in fact fraudulent; second, that the effect of the sale was to hinder,
delay or defraud the creditors. Whatever may have been the inten-
tion in making the sale, the effect of it was necessarily to delay the
creditors in the collection of their debts, therefore the circuit court
was justified in assuming this as a fact.

2. ———: ———: ———: ISSUE OF FACT. In the case at bar the
intent or purpose of defendant in executing and delivering the bill
of sale was the only issue of fact for the jury and if the defendant
refused to apply any portion of the proceeds of the sale, in settle-
ment of plaintiff's claim, and refused to give plaintiff's agent any
satisfaction as to the provision he expected to make for his creditors,
these facts tended to show that the conveyance was contrived for a
fraudulent purpose.

*Appeal from the Louisiana Court of Common Pleas.*—Hon.
Reuben F. Roy, Judge.

Affirmed.

Jas. W. Reynolds and Pearson & Pearson for re-
spondents.

Appellant's theory of the case is that Lewis' object and
purpose in making the sale was to apply the assets to the pay-
ment of his creditors. In support of this theory Lewis'
conversation with witness, C. T. Lovell, and with witness,
Morrow, both tending to show an intent to pay his creditors
was put in evidence. The evidence objected to tends to
show that he was urged to make *pro rata* payments in such

assets as he had—notes or cash.   The jury passed upon the question and appellants are in no position to complain of the results.   The instructions by the court of its own motion given in the place of appellant's refused instructions number 2 and number 3, placed upon the respondent the additional burden of proving the intent of Lewis to hinder and delay his creditors, and of the action of the court in placing upon us this additional burden, the appellant is in no position to complain.   Reid v. Pelletier, 28 Mo. 173; Noyes v. Cunningham, 51 Mo. App. 194; Douglas v. Cissna, 17 Mo. App. 44; Houx v. Batteen, 68 Mo. 84.   The court properly refused appellant's instruction number 7, for the reason that it pointed out only a portion of the facts in the case and declared that those facts were not sufficient ground for attachment.   Marsh v. Schnieder, 57 Mo. App. 431; Griffith v. Conway, 45 Mo. App. 574; Stoher v. Railroad, 105 Mo. 196; McFadden v. Catron, 120 Mo. 252.   The instruction is further obnoxious to the objection that it is a comment on the evidence—and that appellant's other instructions, granted by the court, were sufficiently comprehensive to cover every aspect of the appellant's side of the case, making this instruction unnecessary in any point of view and was properly refused.   Noyes v. Cunningham, 51 Mo. App. 197.   The instructions given by the court when all read together properly declare the law. Instruction number 5, given at the instance of appellant, states that although the sale may have had the effect of hindering and delaying Lewis' creditors, that unless the purpose of the sale was proved to be a dishonest purpose, verdict should be for the defendant.   The instruction number 6, given at the instance of appellant, declared to the jury that Lewis, although insolvent, had the right to dispose of his property at a fair valuation for cash or on time, provided he did so with an honest purpose of paying his creditors, although the effect of the sale was to hinder and delay his creditors.   These two instructions presented to the jury

every phase of the appellant's theory of the case and cured any inaptitude or omission in the other instructions. Nelson Distilling Co. v. Creath, 45 Mo. App. 169; Ridenhour v. K. C. Cable R'y Co., 102 Mo. 270; Shortel v. City of St. Joseph, 104 Mo. 491; Dickson v. Railway 104 Mo. 491. Believing that there are no errors in the record of the case of which appellants can complain, we ask that the judgment of the trial court be affirmed.

W. H. MORROW and N. W. MORROW for appellants.

The very fact of having a purpose to delay creditors may be a legally honest purpose. It may be in the interest of creditors, as the necessary initial step in a method by which, in preference to a general assignment, or the sacrifice of his property at a forced sale, the debtor may expect to realize more for his creditors, and incidentally for himself, than he could otherwise do. It will not be questioned that a debtor in failing circumstances may dispose of his property, if he does so in good faith to obtain means to meet his obligations, though such sale may in fact, or in effect, hinder and delay his creditors; or, that he may so dispose of it either for cash or on time. It is logically impossible to separate, in such cases, effect from intention. The necessary effect of his act, the known effect, is obviously the working out of his intention, and enters into the plan that he adopts. To pursue a course of action the effect of which is to hinder or delay is to intend to hinder or delay to the extent that delay is necessary to accomplish the object in view, that is, to do the best he can for his creditors, paying them the most the property at his disposal will allow; by having, through an honest and legitimate delay, protected it from being sacrificed at a forced sale or squandered through other channels of distribution. To intend delay, or do that which necessarily effects delay, two things so closely allied as to be inseparable, is not, in the light of reason, *per se* fraudu-

lent, nor has it been hitherto so regarded by the greater weight of judicial interpretation. One is presumed to intend the usual and necessary effects of his acts. If the necessary effect is delay, the presumption is that delay was intended. The objections urged against the foregoing instructions given by the court of its own motion, are of like effect as those lodged against the court's refusal to give instructions numbers 2 and 3, asked by appellant (pages herein 8 and 9) and designated "defendant's refused instructions." Regardless of the fact as to whether they sustain or controvert the position taken by appellant in the foregoing observations, he calls attention to the following authorities as bearing upon the question involved: Reid v. Pelletier, 28 Mo. 173; State ex rel., etc., v. Purcell, 131 Mo. 312; Baker v. Harvey, 133 Mo. 653; Douglas v. Cissna, 17 Mo. App. 44; Noyes v. Cunningham, 51 Mo. App. 194; Gens & Tiede v. Hargadine, 56 Mo. App. 249; Glacier v. Walker, 69 Mo. App. 291; Bank v. Russey, Appeal Reporter, vol. 1, 360; Saddlery Co. v. Urner, 24 Mo. App. 538.

BIGGS, J.—This is a suit by attachment. The defendant Lewis died after it was instituted, and Robert A. May, the administrator of his estate, was substituted as a party defendant. The attachment was sustained under the seventh subdivision of the statute (sections 521, R. S. 1889), that is the jury found on the trial of the plea in abatement that Lewis "had fraudulently conveyed or assigned his property or effects so as to hinder or delay his creditors." In support of the attachment the plaintiff read in evidence a bill of sale of all property owned by Lewis to one Ashton. The terms of the sale were seventy-five per cent of the invoice price of the goods, $500 of the purchase money to be paid in cash and the remainder in monthly instalments of $200 each, for which Ashton was to execute his notes to Lewis. The plaintiff also introduced evidence tending to

prove that on the day of the sale or the day thereafter, the agent of the plaintiff offered to accept the notes of Ashton to the extent of plaintiff's claim; that Lewis declined the proposition and referred the agent to his (Lewis') attorney. On the other hand the evidence of the defendant was to the effect that the property was sold for a fair price; that the sale was made with the view of securing money to be used by Lewis in paying his debts and for no other purpose, and that when the attachment writ was served his attorney was endeavoring to communicate with the creditors for the purpose of dividing the proceeds of the sale among them. The court on its own motion gave the following instructions:

1. "If the jury find from the evidence in the cause that the sale from Lewis to Ashton was made with the intent on the part of said Lewis to hinder or delay his creditors, then the verdict should be for the plaintiff on the 7th ground of attachment. Unless the jury so find, the verdict should be for defendant. The burden of proving by the greater weight of the evidence that such intent existed rests upon the plaintiff."

2. "The only issue in this case is for the jury to determine (under the instructions of the court) from the evidence whether or not A. C. Lewis at the time of the institution of the attachment proceedings herein, had conveyed or assigned his property or effects with the intent to hinder or delay his creditors."

3. "The burden of proof in this case rests upon the plaintiff, that is, it devolves upon plaintiff to show by a preponderance or the greater weight of evidence that A. C. Lewis in making the sale of his stock of goods and merchandise made the same with the intent to hinder or delay his creditors, and unless it is so shown by the evidence to the jury the verdict should be for the defendant.

At the instance of the defendant the following instructions were given:

5. "The court instructs the jury that fraud upon the part of A. C. Lewis in the sale of his property or effects can not be assumed or conjectured, nor can it be inferred by the jury that said Lewis fraudulently sold or conveyed the same, unless the inference is fairly deducible from all the facts given in evidence, and should the jury believe from the evidence in the case that the conveyance made of his property or effects by said Lewis consists as well with honesty of purpose as with a dishonest purpose, then the law presumes that said disposition of his property or effects was not fraudulently made; and if the jury so find, the verdict should be for the defendant, and that too, regardless of the fact that the disposition so made of his property had the effect of hindering or delaying his creditors, or any of them."

6. "The court instructs the jury that although A. C. Lewis was insolvent, he had the right to sell and convey his property, or any part of it, at a fair valuation, to whomsoever he chose, partly for cash and partly on time, provided he did so for the purpose of paying his creditors in such order or proportion as he might prefer; and this is true regardless of the fact that to so dispose of his property should have the effect to hinder or delay his creditors, or any of them, in the collection of their demands."

A judgment on the merits followed the finding of the jury on the plea in abatement. The administrator has appealed. He claims that the court committed error in the admission of evidence and as to the instructions.

As the bill of sale to Ashton was fair on its face it devolved on the plaintiff to establish two propositions of fact. First, that the bill of sale was in fact fraudulent; second, that the effect of the sale was to hinder, delay or defraud the creditors of Lewis. The first issue is submitted

by the instructions, but no notice is taken of the second.
Was this omission prejudicial error? We think not. It is
undisputed that the sale to Ashton included all the tangible
property that Lewis owned. Whatever may have been the
intention of Lewis in making the sale, the effect of it was
necessarily to delay his creditors in the collection of their
debts, therefore, the circuit court was justified in assuming
this as a fact. Another objection to the instructions of the
court is that the intent of Lewis in making the sale was an
immaterial inquiry, and hence the submission of the issue
was misleading. Counsel are also in error as to this. As
the bill of sale was *prima facie* valid and the possession of
the property was promptly given thereunder, the plaintiff
could only show the alleged fraudulent character of the
sale by evidence tending to prove that it was contrived by
Lewis with the purpose or intent of hindering, delaying or
defrauding his creditors. The evidence introduced by the
plaintiff tended to prove such a purpose on the part of Lewis,
and the court did right in submitting the issue. Indeed it
was the only issue of fact for the jury. Enders v. Richards,
33 Mo. 598; Stewart v. Cabanne, 16 Mo. App. 517.

What we have said disposes of the exception to plain-
tiff's oral evidence. The contention of the defendant at
the trial was that Lewis, being insolvent, made the sale to
Ashton to avoid a forced sale of his effects with the object
of realizing the full value of his assets for the benefit of his
creditors. If this was true, then the sale was not fraudu-
lent. But on the other hand if he refused to apply any por-
tion of the cash received from Ashton or to turn over any of
the notes of Ashton in settlement of part of plaintiff's claim
and refused to give plaintiff's agent any satisfaction as to
the provision he expected to make for his creditors, these
facts would have a tendency to show that the convey-
ance was contrived for a fraudulent purpose. As the plain-
tiff's evidence tended to prove the state of facts set forth,

the court did right in overruling the objection of the defendant to its admission. With the concurrence of the other judges the judgment will be affirmed. It is so ordered.