JAMES L. HULL, Plaintiff in Error, v. JOSEPH BEARD, Defendant in Error.

Kansas City Court of Appeals, April 24, 1899.

Justices' Courts: ATTACHMENT: PLEA IN ABATEMENT: APPEAL: JURISDICTION. Judgment on the issue in abatement in an attachment suit is no more than an interlocutory judgment and no appeal from a justice's court lies from such judgment, and the circuit court acquires no jurisdiction and should dismiss the appeal even after it has tried the plea in abatement.

Hull v. Beard.

*Error to the Morgan Circuit Court.*—Hon. D. W. Shackleford, Judge.

Affirmed.

Samuel Daniels & A. L. Ross for plaintiff in error.

(1) The justice had jurisdiction to try and determine the attachment suit on the allegations of the complaint and affidavit although the rent was not then due. 2 R. S. 1889, sec. 6384; Newman v. York, 74 Mo. App. 292. (2) The circuit court acquired jurisdiction of said cause on appeal. "Any person aggrieved by any judgment rendered by a justice of the peace, except a judgment by confession, may, * * * make his appeal therefrom, unless otherwise provided by law, to the circuit court of the same county where the judgment was rendered." 2 R. S. 1889, sec. 6327; Musgrove v. Mott, 90 Mo. 107. The fact that the rent is not due will no more deprive the circuit court of jurisdiction, than it will the justice's court in the first instance. (3) Said attachment was tried *de novo,* in the circuit court at the April term, 1897, and resulted in favor of plaintiff. Defendant's motions for new trial and in arrest, were overruled. He took leave to file bill of exceptions but failed to do so. After the lapse of the term it was *res adjudicata.* 1 Herman on Estoppel and Res Adjudicata, pp. 107, 398 and 611. (4) The question of the jurisdiction of the circuit court was raised by the motion in arrest, was passed on by the court at the April term and ruled against defendant, and not being appealed from, was final. *Prima facie,* every court possesses the power of judging of its own jurisdiction. Even the decision of an inferior tribunal is ordinarily as conclusive upon the parties as its judgment upon any matter confessedly within its jurisdiction. 12 Am. and Eng. Ency. of Law, p. 307, note 3; State v. Scott, 1 Bailey (S. C.) L. 294; Cleary v. Hoogland, 6 Cal. 685.

There is no brief for defendant in error.

SMITH, P. J.—This is an action by attachment which was commenced before a justice of the peace under section 6384, Revised Statutes, to secure the payment of rent thereafter to become due. On the issue raised before the justice by the plea in abatement the defendant had judgment dissolving the attachment. The plaintiff appealed. There was no trial or judgment on the merits before the justice. In the circuit court there was again a trial of the issue resulting in judgment for plaintiff. There was no trial or judgment on the merits. Afterwards the court, on the motion of the defendant, dismissed the appeal. From this judgment the plaintiff has appealed.

If the justice had given judgment on the merits, even though the rent was not due, and an appeal had been taken by the plaintiff from that judgment, the circuit court would have had jurisdiction of the cause. When a cause is appealed it becomes the duty of the circuit court to proceed with it *de novo* without regard to any error in the proceeding in the justice's court. R. S. 1889, sec. 6339; Musgrove v. Mott, 90 Mo. 107; Boulware v. Railway, 79 Mo. 494.

But the difficulty here is, that not only was the rent not due at the time of the trial before the justice on the issue in abatement, but no trial was had before him or judgment rendered on the merits. It has been several times decided by the St. Louis Court of Appeals that under the provisions of the act of February 25, 1891, Session Acts 1891, page 45, a judgment on the merits is a condition precedent to an appeal. Newman v. York, 74 Mo. App. 292; Crawford v. Armstrong, 58 Mo. App. 214; Laun v. Pfister, 69 Mo. App. 629; Milling Co. v. Ramey, 57 Mo. App. 33.

The judgment on the issue in abatement is no more than an interlocutory judgment. It is not a final judgment within

the meaning of the Act of 1891, to which we have already referred. Duncan v. Forgey, 25 Mo. App. 310, and it is therefore not an appealable judgment. The judgment rendered in the circuit court on the issue in abatement is not *res adjudicata* as to the merits. Garret v. Greenwell, 92 Mo. 120.

Although such judgment was rendered at a term of the the circuit court preceding that at which the motion to dismiss was filed and sustained, this did not bar the action taken by the court thereon. The action was still pending in the justice's court. The appeal conferred no jurisdiction on the circuit court to try either branch of the case. We see no reason why the action of the court in giving judgment on the issue in abatement was not *coram non judice*. The justice acquired a rightful jurisdiction of the whole case and could not deprive himself of that jurisdiction by granting an appeal from his judgment on the issue in abatement. The appeal could not be effectual to remove the cause into the circuit court until judgment on the merits. The appeal was unauthorized by the statute and could not have the effect to remove the cause, or either branch thereof into the circuit court. It was properly determined.

The judgment is affirmed. All concur.