CHARLES L. GLASS et al., Appellants, v. J. W. CAREY, Respondent.

Springfield Court of Appeals, December 4, 1911.

1. **ATTACHMENT:** Appeal and Error: Appeal on Plea in Abatement. Under the plain provisions of section 2335, Revised Statutes 1909, an appeal cannot be taken from the judgment on the plea in abatement in an attachment suit until after the cause has been tried on the merits, and it is immaterial whether the judgment on the plea in abatement be for plaintiff or defendant.

2. **APPEAL AND ERROR:** Attachment: Plea in Abatement: Premature Appeal. In an appeal on the plea in abatement in an attachment suit it is necessary that the abstract of the record show that the cause was tried on the merits before the appeal on the plea in abatement was granted; otherwise, the appellate court cannot determine that it has jurisdiction of the appeal, for an appeal on the plea in abatement would be premature if taken before the trial on the merits.

3. ————: Abstract Must Show Sufficient Record. The statutes and the rules of the appellate court require that the abstract of the record set forth so much of the record as is necessary to a full understanding of all the questions presented to the court.

Appeal from Jasper Circuit Court.—*Hon. David E. Blair,* Judge.

APPEAL DISMISSED.

Glass et al. v. Carey.

*J. J. Nelson* and *A. G. Young* for appellant.

*H. W. Curry* for respondent.

GRAY, J.—This suit was instituted to recover from the defendant the amount plaintiffs paid for him as his sureties. An attachment was sued out and a plea in abatement filed. Upon trial of the issues made by the plea in abatement, the jury returned a verdict in favor of the defendant. A motion for new trial was filed, and the same was overruled, and plaintiffs appealed.

We have carefully examined the abstract of the record, and the copy of the judgment and order allowing the appeal on file in this court, and if the case was ever tried on the merits, there is nothing in the abstract or records in this court to show that fact. In other words it appears from the records in this court that the appeal was taken from the judgment on the plea in abatement before the cause had been tried on the merits.

By the plain provisions of section 2335, Revised Statutes 1909, the appellant could not appeal from the judgment on the plea in abatement until after the cause had been tried on the merits. [R. S. 1909, sec. 2335.]

It is immaterial whether the judgment on the plea in abatement be for the plaintiff or defendant; as in either event a judgment on the merits is a condition precedent to an appeal. [Crawford v. Armstrong, 58 Mo. App. 214; Hull v. Beard, 80 Mo. App. 200.]

It is necessary that the abstract of the record show that the cause was tried on the merits before the appeal on the plea in abatement was granted, as this court cannot determine that it has jurisdiction of the appeal unless it can first determine that the cause was tried on the merits. The statute (Sec. 2048) and the rules of the court require that the abstract of the rec-

ord set forth so much of the record as is necessary to a full understanding of all the questions presented to this court. [Fischer v. City of Liberty, 112 Mo. App. 686, 87 S. W. 601; Wesby v. Bowers, 58 Mo. App. 419.]

The appeal will be dismissed. All concur.