FIRST NATIONAL BANK OF MILAN, APPELLANT, v. OLIVER KIBBLE, ET AL., RESPONDENTS.*

Kansas City Court of Appeals. May 25, 1925.

*Corpus Juris-Cyc References: Appeal and Error, 3CJ, p. 1097, n. 72; 4CJ, p. 674, n. 42; Attachment, 6CJ, p. 141, n. 83; p. 483, n. 74; Fraudulent Conveyances, 27CJ, p. 503, n. 68; Trial, 38Cyc, p. 1595, n. 97.

*L. A. Chapman, U. A. House* and *Kitt & Marshall* for appellant.

*Scott J. Miller* for respondents.

ARNOLD, J.—This is an action by attachment in aid of a suit upon a promissory note of $4160 executed by defendants to plaintiff. The grounds of attachment as contained in the writ were the 5th, 7th, 8th, 9th and 10th grounds of attachment provided in section 1725, Revised Statutes 1919.

Plaintiff is a National Bank of Milan, Sullivan County, Mo., and defendants are young married people living on a farm near Milan in that county. They had 160 acres of land where they lived against which there was a first mortgage of $7000, a second for $3000, and a mortgage to plaintiff given in security for the note which is the basis of this action. Besides the home farm Oliver Kibble leased from his father-in-law, W. H. Columbar, 200 acres adjoining the home place on the south, at a rental of $700 per year. For the first year's rent defendants issued their promissory note secured by a chattel mortgage covering certain chattels of defendants not covered by any previous pledge.

At this time defendants' finances were considerably involved, including certain indebtedness to the plaintiff secured by chattel mortgage on thirty head of registered black cattle and some mules and horses. On or about August 12, 1922, plaintiff demanded an additional security a mortgage on defendants' growing crop, but this security was not given. The evidence shows that about this time the defendants loaned to a relative, one Floyd Franklin, for breaking and work, three young mules two and three years of age that were

included and described in defendants' chattel mortgage to plaintiff. Plaintiff insists, however, that the mules were placed with Franklin for the purpose, or with the effect, of concealing them from creditors of defendant.

The suit on the note in question was instituted in the circuit court of Sullivan county and by change of venue was transferred to Livingston county where it was tried. In aider of the principal suit, plaintiff swore out an attachment in the circuit court of Livingston county and thereunder attached and sold all of Kibble's property, including his registered cattle, horses, hogs and farm implements. The funds derived from the sale not being sufficient to cover defendants' indebtedness to the bank, the 160 acres of land also were sold under plaintiff's deed of trust. The attachment was taken out in the name of plaintiff bank, but was sworn to by Lenny Baldridge, its cashier. It contains the following statutory causes of action, to-wit:

"That the defendants are about to remove their property or effects out of the State of Missouri, with the intent to defraud, hinder or delay their creditors.

"That the defendants have fraudulently conveyed or assigned their property or effects, so as to hinder or delay their creditors.

"That the defendants have fraudulently concealed, removed or disposed of their property or effects so as to hinder or delay their creditors.

"That the defendants are about fraudulently to conceal, remove or dispose of their property or effects, so as to hinder or delay their creditors.

"That the debt herein sued for was fraudulently contracted on the part of the debtor."

There was a plea in abatement timely filed by defendants, denying specifically each cause of action stated in the affidavit for attachment. The cause was tried before a jury on the plea in abatement resulting in a verdict for defendants and a judgment thereon was accordingly entered. Motions for new trial and in arrest of judgment on the plea in abatement were unavailing. Thereafter on January 23, 1924, judgment was rendered for plaintiff on the merits of said cause for $2997.90. An appeal from the judgment on the plea in abatement was granted plaintiff on January 23, 1924, and on August 29, 1924, a certified copy of the judgment on the plea in abatement and of the judgment on the merits and order granting appeal were filed in this court.

The first point for our consideration is defendants' motion to affirm the judgment. The motion states (1) that the judgment was rendered more than sixty days prior to the first term of this court, and the appeal was not filed at said term; (2) that the appeal was not filed to the second term, and (3) that the appeal was not filed to the third term of this court.

This being an attachment suit the appeal is governed by section 1766, Revised Statutes 1919, which provides that when issues are found for defendants on a plea in abatement, as in this case, the court shall render judgment that the attachment is abated, and that thereupon plaintiff may file his bill of exceptions, and the cause proceed to trial on the merits.

Upon the trial on the merits either party may appeal, the plaintiff from the finding on the plea in abatement, or on the merits, or both. An appeal will not lie from a judgment on a plea in abatement in an attachment suit unless the record shows the case has been tried on the merits. [Glass v. Carey, 141 S. W. 719.] In other words a judgment on the merits is a condition precedent to an appeal, whether the judgment on the plea in abatement be for plaintiff or defendant. [Crawford v. Armstrong, 58 Mo. App. 214; Hull v. Beard, 80 Mo. App. 200; Laun v. Pfister, 69 Mo. App. 629; Castleman v. Harris, 86 Mo. App. 270.] It necessarily follows that before plaintiff may appeal from an adverse judgment on a plea in abatement, he must await the judgment on the merits, after which he may take his appeal. Hence the date on which the judgment on the merits is rendered determines the term of the appellate court to which the appeal is returnable. [Secs. 1478, 1479, R. S. 1919.]

In the case at bar, as shown by the record, judgment on the merits was rendered on January 23, 1924, and on the same day plaintiff filed its affidavit for appeal from the judgment on the plea in abatement which was granted. The appeal was taken therefore less than sixty days before the first day of the next term of this court, being the March term, 1924, and was therefore returnable to the second term thereafter, or the October term, 1924.

The record shows that plaintiff filed in this court more than fifteen days prior to the October term, 1924, a certified copy of the record entry of judgment on both the plea in abatement and order granting appeal, as required by the statute. The case was not docketed for the October term, 1924, of this court but this fact is not controlling. The certified copy of the judgment was filed in this court fifteen days before the October term and this was the return term under the provisions of sections 1478 and 1479, Revised Statutes 1919, and was sufficient. The motion to affirm is accordingly overruled.

It is urged the court erred in refusing plaintiff's peremptory instruction offered at the close of all the evidence, because by giving the chattel mortgage to Columbar, defendant conveyed all his property which had not been previously encumbered, and that the effect was to hinder as well as delay defendants' creditors in the collection of their debts, and that the removal of the mules from Kibble's possession to that of Franklin removed and concealed the animals, the effect of which was to hinder and delay the creditors of defendants.

The grounds of the attachment are as stated in section 1725, Revised Statutes 1919, as follows:

5. Where the defendant is about to remove his property or effects out of this State, with intent to defraud, hinder or delay his creditors.

7. Where the defendant has fraudulently conveyed or assigned his property or effects, so as to hinder or delay his creditors.

8. Where the defendant has fraudulently concealed, removed or disposed of his property or effects so as to hinder or delay his creditors.

9. Where the defendant is about fraudulently to convey or assign his property or effects, so as to hinder or delay his creditors.

10. Where the defendant is about fraudulently to conceal, remove or dispose of his property or effects, so as to hinder or delay his creditors.

Plaintiff endeavors to eliminate all the grounds for attachment above mentioned except the 7th and 8th, by stating that the evidence was directed to these two grounds.

We have carefully read the entire record herein, and while it is shown that plaintiff's chief efforts in the attachment suit were directed to the establishment of said grounds 7 and 8, yet the remaining grounds were embodied in the pleadings and of course must remain an issue until by proper action they are eliminated therefrom. The record discloses that plaintiff's chief witness, Lenny Baldridge, cashier, was sharply cross-questioned as to the basis for the remaining grounds for attachment incorporated in the affidavit therefor. Under this cross-examination this witness admitted there was no basis for such charges, other than those contained in grounds 7 and 8. In this situation it hardly will be necessary for us to hold that plaintiff may not in this manner so limit the consideration of the appeal.

In considering the peremptory instruction to sustain the attachment offered by plaintiff at the close of all the evidence, it is necessary to refer briefly to the evidence. Plaintiff attempted to show (1) that defendants fraudulently conveyed or assigned their property to one Columbar. This, of course, refers to the note and chattel mortgage in favor of Columbar, and to support the charge, it must be shown that the property was fraudulently conveyed so as to hinder and delay defendants' creditors. The evidence of defendants was to the effect that the mortgage of Columbar was given in good faith to secure a note given for a year's rent on 200 acres of land. Accepting this as true, it will not be insisted, we take it, that this evidence was not of sufficient substantiality to take the case to the jury on the question of fraudulent conveyance of the property, so as to hinder or delay creditors.

On the 8th ground, the question of fraudulent concealment, plaintiff endeavored to show that the three mules were fraudulently placed with Floyd Franklin so as to hinder or delay their creditors. On this

point defendants' testimony shows that the mules were placed with Franklin who was a relative of defendants, for the purpose of breaking and working them. Franklin testified that he resided within a mile and a half of Milan, where plaintiff bank is located, and that he drove two of the mules to Milan once a week or oftener. We think this evidence substantial enough to take the case to the jury on the question of concealment. From the foregoing, it is clear there was no error in refusing the peremptory instruction.

It is charged the court erred in giving defendants' instructions 1, 2, 3, 8 and 10, on the ground that they related to matters not in issue in that they covered grounds of attachment which were not made an issue by the evidence. We think this position of plaintiff is without substance to support it. As stated, the cause was tried upon the plea in abatement which plea was in refutation of the affidavit for attachment which, as shown by the record, included the points covered by the instructions of which plaintiff complains. Moreover, plaintiff's witness, Lenny Baldridge, was cross-questioned upon all these items by counsel for defendants and stated, in effect, that there were no grounds to sustain these charges. Surely it will not be contended, under these conditions, that it was not the right and duty of the court, if defendants so asked, to instruct the jury that there was no evidence to support these charges in the affidavit for attachment.

Plaintiff contends that the instructions of defendants, as given, were broader than the evidence. This objection is fully met in what we have already said. Plaintiff's citations are found, on examination not to be in conflict with this ruling.

Finally plaintiff charges that the giving of defendants' instruction No. 4 was error, because it told the jury that before it could find that defendants had fraudulently conveyed or assigned their property or effects so as to hinder or delay their creditors, they must find that such assignment or conveyance was for the purpose, at the time, of defrauding, hindering or delaying their creditors. The instruction reads:

"The court instructs the jury that before you can find 'the defendants have fraudulently conveyed or assigned their property or effects, so as to hinder or delay their creditors,' you must find that the defendant or defendants, have fraudulently assigned or conveyed their property or effects or some part thereof, for the purpose at the time of the assignment of defrauding, hindering or delaying their creditors."

Plaintiff's contention is that the instruction is erroneous because it adds the element of intent or purpose, and that such intent and purpose must be to hinder or delay creditors, before conveyance is fraudulent. This view is not sustained by the authorities. The well-established rule is that a mortgage or other conveyance is not fraudulent unless made with intent to hinder and delay creditors. [Bauer Groc. Co. v. Smith, 74 Mo. App. 419; Loy v. Rorick, 100 Mo.

App. 105, 113.] It is also the rule that where the effect of a conveyance by defendant was necessarily to delay the creditors in the collection of their debts, the intent to defraud may be assumed. [Furth Groc. Co. v. May, 78 Mo. App. 323.] It is not necessary to show that such disposition was made of the property with intent to hinder or delay creditors. [Noyes v. Cunningham, 51 Mo. App. 194; Bowles L. S. Com. Co. v. Hunter, 91 Mo. App. 333; Simmons Hdw. Co. v. Fighting the Flames Co., 135 Mo. App. 266, 115 S. W. 467.] It is the fraudulent conveyance and not the insolvency of the debtor that is the essential element. [Dixon Nat'l Bank v. Lumber Co., 68 Mo. App. 81; Bank v. Powers, 134 Mo. 432, 34 S. W. 869.]

It must be held that under the decisions above cited a prerequisite of a fraudulent conveyance is that the defendants should have an intention, or purpose, at the time, to hinder or delay creditors. The instruction does not employ the word intent, but uses a synonym "purpose" instead. We are not prepared to say that the use of the word "purpose" in the instruction constitutes reversible error, or that plaintiff's rights were prejudiced thereby.

Plaintiffs instruction No. 3 is guilty of the identical error, if any, complained of in defendants' instruction No. 4, as follows:

"You are instructed that even though you may find and believe from the evidence that the chattel mortgage given by defendant to his father-in-law Columber was executed by defendant to secure a valid and bona-fide debt due from defendant to his father-in-law Columber and that said Columber may have acted throughout said transaction in good faith, yet if you find that any part of the purpose of defendant in making said chattel mortgage was to keep off his creditors or to hinder or delay them or any of them in collecting their debts against him, or to cover up his property from them your verdict will be for plaintiff sustaining the attachment herein."

Since plaintiff in this instruction uses the identical word of which it complains in defendants' instruction No. 4 we must hold that plaintiff is not in position to complain.

Failing to find reversible error of record, the judgment is affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.